### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Barbara Young and Kathryn Vitale | : | |
| Plaintiffs, | : | C.A. No. 05- |
| v. | : | TRIAL BY JURY DEMANDED |
| Catherine Shore | : | |
| Defendant. | : | |

## **COMPLAINT**

### JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

2. Pursuant to 28 U.S.C. § 1393, venue is proper in the Court as to all counts as Defendants reside in the District in which this Court is located and all events regarding the charges took place within the district in which this Court is located.

### THE PARTIES

3. Plaintiff Barbara Young is a citizen and resident of the state of New Jersey.

4. Plaintiff Kathryn Vitale is a citizen and resident of the state of Arizona.

5. Defendant Catherine Shore is a citizen and a resident of the State of Delaware, and is owner of property listed as 5902 Highland Ct., Paladin Club VIII, in Wilmington, Delaware 19802-1733.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Sec. 1332.

## BACKGROUND FACTS

7. On or about December 13, 2003, at approximately 9:00 p.m., plaintiff Young and her husband, Donald Young (now deceased), were occupants of their own vehicle traveling south on James Street in Newport, Delaware. Plaintiff Barbara Young was operating the vehicle as it entered, legally and in obeyance of the traffic device, the intersection of James and Justis Streets. Her husband, Donald Young, occupied the front passenger seat.

8. At the same time and place, Catherine Shore, defendant, was traveling west on Justis Street, entering the intersection with James Street against the red traffic signal device, failing to yield the right of way, and at a speed greater than the posted limit.

9. The front end of the VW Passat operated by defendant slammed in to the driver's side of the Oldsmobile Sierra driven by plaintiff Young.

10. The impact was such that it caused plaintiff's vehicle to spin, changing its direction and propelling it towards the southwest corner of the intersection. The passenger side and door then hit and molded itself around a power pole. The intrusion into the passenger compartment was substantial enough to continue across to the driver's seat, partially altering it.

11. Both plaintiff and her husband were gravely injured. Her husband was extracted from the vehicle by emergency responders who had to remove the roof. Emergency responders then transported plaintiff, Barbara Young, and her husband to Christiana Emergency Room.

12. Donald Young bore the impact of the passenger compartment striking the power pole, smashing and pinning his head between the seat cushion and the passenger door. Brain injuries incurred resulted in the need for extended hospitalization in the Intensive Care Unit.

13. Mr. Young subsequently died as a result of the injuries received from the collision.

## CAUSE OF ACTION

## NEGLIGENCE-PERSONAL INJURY

14. Plaintiff restates paragraphs 1 through 13 above as set out in full and incorporates them by reference.

15. Defendant failed to exercise reasonable care and acted negligently with regard to the safety of the public, including plaintiff, in that she:

(a) Operated a motor vehicle on a public roadway in a careless manner in violation of 21 Del. C. § 4176(a);

(b) Operated a motor vehicle in an imprudent manner, in violation of 21 Del. C. § 4176(a);

(c) Operated a motor vehicle on a public highway without due regard for traffic conditions then existing, in violation of 21 Del. C. Sec. 4176(a);

(d) Operated a motor vehicle on a public highway and failed to give operation of said motor vehicle full time and attention to the operation of said motor vehicle, in violation of 21 Del. C. § 4176(b);

(e) Operated a motor vehicle on a public highway and failed to maintain a

proper lookout while operating said motor vehicle, in violation of 21 Del. C. § 4176(b);

(f) Failed to obey a traffic control device, in violation of 21 Del C § 4107 (a) and 21 Del C § 4708;

(g) Failed to operate a motor vehicle at a speed that is reasonable and prudent under conditions then existing, in violation of 21 Del C § 4168; and

(h) Failed to operate a motor vehicle at a speed that is reasonable and prudent under conditions then existing, in violation of 21 Del C § 4169

16. As a proximate result of the actions of the above, plaintiff Barbara Young endured months of hospitalization of her husband and his eventual death. She suffered serious bodily injuries, past and future pain, suffering and mental anguish, serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with her physical and psychological injuries. Her medical treatment provided to date is in excess of $64,000.00

WHEREFORE, plaintiff Barbara Young demands judgment against defendant, for special and general compensatory damages, together with the costs of this action.

### RECKLESSNESS- PERSONAL INJURY

17. Plaintiff restates paragraphs 1 through 16 above as set out in full and incorporates them by reference.

18. The conduct of defendant was wanton, willful and reckless, in that she failed to obey the traffic signal and proceeded in to an intersection against the red light at a speed in excess of the posted speed limit after having consumed alcoholic beverages, which proximately caused harm to Barbara Young.

19. As a direct and proximate result of the wanton, willful and reckless misconduct of the defendant, plaintiff Barbara Young bore the impact of the force of impact between the front of defendant's vehicle and her door, causing her to lose consciousness and placing her life and physical well being in jeopardy, causing serious bodily injuries, past and future pain, suffering and mental anguish, serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with her physical and psychological injuries. Medical treatment provided to date is in excess of $64,000.00.

WHEREFORE, plaintiff Barbara Young demands judgment against defendant, for special and general compensatory damages, and punitive damages, together with the costs of this action.

## **Wrongful Death Action**

20. Plaintiffs hereby incorporate by reference all of the allegations set forth in Paragraphs 1 through 19 of this Complaint as if same were fully set forth herein at length.

21. The Plaintiffs bring this action on behalf of themselves who are all the persons entitled to recover damages in this action.

22. Plaintiffs bring this action on their behalf pursuant to the Wrongful Death Act, 10 Del. C. §3724.

23. Prior to his death, decedent Donald Young brought no action for the events which caused his death and which is the subject of this litigation.

24. No other action for the wrongful death of decedent Donald Young has been commenced against defendant in this action.

25. Plaintiffs claim damages for pecuniary losses suffered by them by reason of the death of Donald Young, as well as for reimbursement for funeral expenses, and other expenses recoverable under the Wrongful Death Act.

170. Plaintiffs claim under the Wrongful Death Act all damages allowable by law for expenses, support and services in such sums as to be determined by the Court to adequately compensate the beneficiaries of Donald Young for:

(a) The deprivation of the expectation of pecuniary benefits to the beneficiaries that would have resulted from the continued life of the Decedent;

(b) Loss of contributions for support;

(c) Loss of parental services;

(d) Loss of household services;

(e) Funeral expenses, as may be applicable;

(f) Mental anguish resulting from the Decedent's death;

(d) Costs of this litigation, for pre- and post-judgment interest; and

(e) Such other sums and remedies as the Court deems appropriate and equitable.

William W. Erhart, P.A.

By:   /s/William W. Erhart
William W. Erhart, Esquire, #2116
800 King Street, Suite 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (facsimile)
erhartw@covad.net
Attorney for Plaintiffs

Date: December 1, 2005