**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Barbara Young<br>and Kathryn Vitale | : | Case No.: 05-822 |
| | : | |
| Plaintiffs, | : | TRIAL BY JURY DEMANDED |
| | : | |
| v. | : | |
| | : | |
| Catherine Shore, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

### JURISDICTION AND VENUE

1. Admitted

2. Admitted.

### THE PARTIES

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted.

6. Admitted.

### BACKGROUND FACTS

7. Admitted that Plaintiff Young and her husband, Donald Young, were occupants of their own vehicle traveling south on James Street in Newport, Delaware. Admitted that Plaintiff Barbara Young was operating the vehicle. Denied that Plaintiff Young entered legally and in obeyance of the traffic device, the intersection of James and Justis Streets. Admitted that her husband, Donald Young, occupied the front passenger seat.

8. Admitted that Defendant Catherine Shore was traveling west on Justis Street. Denied that she entered the intersection with James Street against the red traffic signal device, failing to yield the right of way, and at a speed greater than the posted limit.

9. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

10. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

11. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

12. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

13. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

## CAUSE OF ACTION

## NEGLIGENCE-PERSONAL INJURY

14. Defendant restates paragraphs 1 through 13 above as set out in full and incorporates them by reference.

15.(a-h) Denied.

16. Denied as to negligence and proximate result. Defendant is without sufficient knowledge to respond to the balance of the information contained in this paragraph.

**RECKNESSNESS – PERSONAL INJURY**

17. Defendant restates paragraphs 1 through 16 above as set out in full and incorporates them by reference.

18. Denied as to wantonness, willfulness, recklessness and proximate cause.

19. Denied as to wantonness, willfulness, reckless misconduct and proximate result. Defendant is without sufficient knowledge to respond to the information contained in the balance of this paragraph.

**WRONGFUL DEATH ACTION**

20. Defendant restates paragraphs 1 through 19 above as set out in full and incorporates them by reference.

21. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

22. It is Defendant's contention that this wrongful death action cannot be brought by the Plaintiffs in this matter inasmuch as Plaintiff Young was the driver of one of the vehicles in the collision and liability has not been determined.

23. Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

24. Admitted.

25. This averment does not allege anything which requires a response. Defendant denies liability for death of decedent Donald Young.

26. This averment does not allege anything which requires a response. Defendant denies liability for death of decedent Donald Young.

## AFFIRMATIVE DEFENSES

27.     Defendant restates paragraphs 1 through 26 above as set out in full and incorporates them by reference.

28.     Plaintiff Barbara Young's negligence was the proximate cause of the accident in that she:

(a)     failed to adhere to the red traffic control signal that faced her as she proceeded on James Street in violation of 21 Del. C. §4107(a) and §4108(a)(1);

(b)     failed to comply with a traffic control signal, namely a red light, in violation of 21 Del. C. §4108(a)(3)(a);

(c)     drove her vehicle in willful and wanton disregard for the safety of persons and property, in violation of 21 Del. C. §4175(a);

(d)     drove her vehicle in a careless, imprudent or inattentive manner, in violation of 21 Del. C. §4176(a);

(e)     failed to keep a proper lookout while operating her vehicle in violation of 21 Del. C. §4176(b);

28.     Plaintiff's injuries, if any, are not causally related to this accident.

29.     Counts I and II fail to make any allegations pertaining to Kathryn Vitale; as such Defendant denies any and all liability to that Plaintiff.

WHEREFORE, Defendant, Catherine Shore, demands that the Complaint against her be dismissed with prejudice and that judgment be entered in her favor and against Plaintiffs, together with reasonable attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNTERCLAIM FOR CONTRIBUTION AND/OR IDEMNIFICATION

30. The aforesaid accident was proximately caused by the negligent conduct of Plaintiff Barbara Young, in that she:

(a) failed to adhere to the red traffic control signal that faced her as she proceeded on James Street in violation of 21 Del. C. §4107(a) and §4108(a)(1);

(b) failed to comply with a traffic control signal, namely a red light, in violation of 21 Del. C. §4108(a)(3)(a);

(c) drove her vehicle in willful and wanton disregard for the safety of persons and property, in violation of 21 Del. C. §4175(a);

(d) drove her vehicle in a careless, imprudent or inattentive manner, in violation of 21 Del. C. §4176(a);

(e) failed to keep a proper lookout while operating her vehicle in violation of 21 Del. C. §4176(b);

31. Based on the foregoing counterclaim, Defendant denies liability for any damages allegedly suffered by the Plaintiffs. However, in the event that the Defendant is held primarily liable to Plaintiffs, then the alleged wrongful acts of Plaintiff Barbara Young were contributing causes of the damages sustained by Plaintiff Barbara Young and Plaintiff Kathryn Vitale and the Defendant is entitled to contribution in any amount which she may be required to pay Plaintiffs as a result of Plaintiff Barbara Young's wrongful acts based on the relative degrees of fault determined pursuant to Delaware's Uniform Contribution Among Tortfeasor Law, 10 Del. C. §630 *et seq.*

WHEREFORE, Defendant, Counter-Claimant Catherine Shore, demands judgment against Plaintiff Barbara Young for contribution and/or indemnification, costs to be assessed against Plaintiff, Counterclaim Defendant.

FERRARA, HALEY, BEVIS & COLLINS

/s/Louis B. Ferrara
Louis B. Ferrara (I.D. #146)
1716 Wawaset Street
P.O. Box 188
Wilmington, DE  19899
(302) 656-7247
Attorney for Defendant

Dated:  January 11, 2006

## **CERTIFICATE OF SERVICE**

I, Louis B. Ferrara, attorney for Defendant and Counter-Claimant, do hereby certify that I caused two copies of the attached Defendant's Answer to the Complaint and Counterclaim to be served via U.S. mail upon:

>William W. Erhart. Esquire
>William W. Erhart, P.A.
>800 King Street, Suite 302
>Wilmington, DE  19801
>Attorney for Plaintiffs

>FERRARA, HALEY, BEVIS & COLLINS

>/s/ Louis B. Ferrara
>Louis B. Ferrara (I.D. #146)
>1716 Wawaset Street
>P.O. Box 188
>Wilmington, DE  19899-0188

Dated:  January 11, 2006