IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Barbara Young
and Kathryn Vitale

       Plaintiffs,              C.A. No. 1:05-cv-822 (JJF)

v.                               TRIAL BY JURY DEMANDED

Catherine Shore

       Defendant


## PLAINTIFF BARBARA YOUNG'S
## OPENING BRIEF IN SUPPORT OF HER MOTION TO DISQUALIFY COUNSEL
## AND STRIKE AFFIRMATIVE DEFENSE


                                                  WILLIAM W. ERHART, P.A.

                                                  WILLIAM W. ERHART,
                                                  ESQUIRE

                                                  I.D. NO.: 2116
                                                  800 King St., Ste. 302
                                                  Wilmington, DE 18999
                                                  302-651-0113
                                                  Attorney for Barbara Young

# TABLE OF CONTENTS

TABLE OF CITATIONS... ........................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS.......... ...........................................1

STATEMENT OF FACTS. ......................................................................................1

QUESTIONS PRESENTED...................... ............................................................4

SUMMARY OF ARGUMENT...... .........................................................................5

ARGUMENT.... .....................................................................................................6

    I.    PEDICONE SHOULD BE DISQUALFIED AS BARBARA YOUNG'S ATTORNEY, BECAUSE HIS COUNTERVAILING INTEREST IN REPRESENTING ALLSTATE INSURANCE COMPANY OUTWEIGHS HIS ABILITY TO IMPARTIALLY REPRESENT MRS. YOUNG...... ..................6

        A. Mr. Pedicone violated DRPC Rule 1.8 because he failed to maintain his independent judgment while being paid by a third party.........................7

        B. Pedicone violated DRPC 1.4 by not telling Mrs. Young of the affect the affirmative defense could have against her wrongful death action by not receiving her informed consent to raise it... ......................................... .10

        C. Mr. Pedicone violated DRPC Rule 1.7 by creating a conflict of interest among himself, Mrs. Young, and Allstate Insurance Co. when he raised the affirmative defense without informed consent..........................................1

CONCLUSION ........................................................................................12

# TABLE OF CITATIONS

## CASES

*Allen v. McCurry*,
    449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)..          .........7

*Ettinger v. Cranberry Hill Corp.*
    665 F. Supp. 368 at 372 (D. Pa. 1986)..

*Finley v. Home Ins. Co.*,
    975 P.2d 1145 (Haw. 1998)                                           ........7

*Manoir-Electroalloys Corp. v. Amalloy Corp.*
    711 F. Supp. 188 at 192 (D.N.J. 1989).

*In re ML-Lee Acquisition Fund II, L.P.*
    848 F. Supp. 527 (D. Del. 1994)                                     ......6

*Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.*
    632 F. Supp. 418 at 421 (D. Del. 1986)............                  ...6

*Point Pleasant Canoe Rental, Inc. v. Tinicum Township*,
    110 F.R.D. 166 (D. Pa. 1986).......................                 ........10, 11

*United States v. Miller*
    624 F.2d 1198 (3d Cir. 1980).                                       ..6

*Schering Corp. v. Amgen Inc.*,
    18 F. Supp. 2d 372, 388 (D. Del. 1998)....                          ........8

*Webb v. E. I. Du Pont de Nemours & Co.*
    811 F. Supp. 158 (D. Del. 1992).............

## REGULATIONS

*10 Del. C. § 3724.*                                                    .8

*Del. Law. R. Prof. Cond.* R. 1.0.                                      .10

*Del. Law. R. Prof. Cond.* R. 1.4..                                     10, 1

*Del. Law. R. Prof. Cond.* R. 1.7....                                   ...11, 12

*Del. Law. R. Prof. Cond.* R. 1.8.....                                  .7

*Del. P.J.I. Civ. 22.1 (2003)..*                                        .9

## NATURE AND STAGE OF PROCEEDINGS

This is a diversity action filed in the United States District Court for the District of Delaware. Barbara Young is the Plaintiff in this diversity action for her personal injuries and the wrongful death action of her husband (D.I. 1). Catherine Shore, the Defendant, filed an answer and a counter-claim against Mrs. Young on January 12, 2006, (D.I. 3). An answer to the counter-claim was filed on January 25, 2006. (D.I. 4). Mr. Pedicone file an amended answer to Shore's counterclaim on March 17, 2006, (D.I. 11) asserting an affirmative defense.

## STATEMENT OF FACTS

Barbara Young is the Plaintiff in this diversity action, along with her adult daughter, Kathryn Vitale. Mrs. Young filed an action for her personal injuries and Mrs. Young and Plaintiff Vitale have filed a wrongful death action for their deceased husband and father, Donald A. Young. This suit, No. 1:0 5-cv-822 (JJF), was filed on December 2, 2005. (D.I. 1). Bruce L. Hudson, Esquire, filed a survivorship action in the Superior Court of New Castle County, State of Delaware, *Angelo Counzo, Esquire, Administrator Pendente Lite for the Estate of Donald A Young v. Catherine Shore*, C.A. No. 05-12-099 (JRS) on December 10, 2005 The Defendant, Catherine Shore, filed an answer and a counter-claim against Mrs. Young on January 12, 2006, (D.I. 3) seeking contribution if Defendant should be held liable. An answer to the counter-claim was filed on January 25, 2006. (D 4)

At time of the incident, Mrs. Young's insurance carrier was Allstate Insurance Company. Allstate Insurance Co. appointed Michael A. Pedicone, Esquire, and his law firm, the Law Offices of Michael A. Pedicone, P.A., to represent Mrs. Young Without consultation or permission of his purported client, and apparently at the request of Allstate Insurance Co., Mr. Pedicone filed an amended answer to Shore's counterclaim on March 17, 2006, (D.I. 11)

1

asserting an affirmative defense, not against Defendant Shore, but against co-plaintiff Kathryn Vitale. The affirmative defense in whole asserts

> The claim of Kathryn Vitale is barred pursuant to the Delaware Wrongful Death Act which requires that there shall be only one cause of action for the benefit of the estate and survivors and such action has been filed in Superior Court in New Castle County, Delaware. (A-1,2)

Mr. Pedicone's position in the affirmative defense is that a wrongful death action cannot be filed separate from a survivorship action. This defense, if accepted, would preclude Mrs. Young from bringing her own wrongful death action. Thus, the attorney for Mrs. Young's insurance carrier has taken a position directly in conflict with Mrs Young's wrongful death claim. Mrs. Young received a copy of the revised pleadings on February 22, 2006. Mr. Pedicone never consulted with her to explain that he had added an affirmative defense and the ramifications of that defense. (A-12-20)

On March 29, 2006, a Correcting Entry was made by the Clerk of the Court to the docket in order to reflect that the Answer to Counterclaim with Affirmative defenses was by Barbara Young and not Catherine Shore. William W. Erhart, Esquire, Attorney for the Plaintiff, and the Clerk of the Court, both believed Mr. Pedicone had made a mistake by raising an affirmative defense which conflicts with his own client's cause of action.

On March 19, 2006, Mr. Erhart sent an email to Mr. Pedicone suggesting that the Affirmative defense was filed in error, as Mr. Pedicone had taken a position directly in conflict with Mrs. Young's wrongful death action. (A-3). Mr. Erhart was not sent a copy of the revised pleadings. Mr. Pedicone wrote Mr. Erhart back on March 23, 2006 stating that "it would be against my client Barbara Young's best interest to drop that defense now" and this defense did not detrimentally affect Mrs. Young because "she has her own claim for bodily injury against

2

Catherine Shore which my affirmative defense does not affect." (A-4) He requested that Mr. Erhart respond in writing, which Mr. Erhart did on April 26, 2006 (A-5). Mr. Erhart explained that Mrs. Young has a wrongful death action in her own right, and therefore raising the affirmative defense conflicts with Mrs. Young's wrongful death cause of action via issue preclusion. (A-5)

Mr. Pedicone responded by mail on April 28, 2006. [A-6, 7). He asserted that:

> I will not be compelled by my client to take a position that I believe to be against her best interest in defending the claims brought against her. Similarly, I will not be compelled by another attorney to take some position that is against the best interest of my client in defending the claims brought against her. (A-6, 7)

Throughout Pedicone's representation of Mrs. Young, he never consulted with her about raising an affirmative defense. (Declaration of Barbara Young, A-8-10, ¶8). Though Mrs. Young was sent a copy of the revised pleadings on February 22, 2006 (A-13-20), she was given no consultation as to their meaning or potential legal affects. Mrs. Young never gave Mr. Pedicone permission to take a legal position directly against her pecuniary interest in her wrongful death action (Dec. of B.Young A-8-10, ¶13-16). Mr. Pedicone never explained the conflict of interest created by raising this affirmative defense against Plaintiff Vitale, nor did he tell her why he was raising this defense against Plaintiff Vitale so that she could weigh and decide if it were in her best interest to do so. (Dec. of B.Young A-8-10, ¶13-16).

3

## QUESTION PRESENTED

1. SHOULD MICHAEL PEDICONE AND HIS LAW FIRM BE DISQUALFIED AS BARBARA YOUNG'S COUNSEL FOR RAISING A DEFENSE AGAINST HER PECUNIARY INTERESTS WITHOUT HER INFORMED CONSENT, WHICH BENEFITTED ALLSTATE INSURANCE CO., A THIRD PARTY PAYING MR. PEDICONE TO REPRESENT HER?

    ANSWER: YES

2. SHOULD THE AFFIRMATIVE DEFENSE MR. PEDICONE RAISED BE STRUCK BECAUSE IT IS DETRIMENTAL TO MRS. YOUNG'S INTERESTS AND WAS RAISED WITHOUT HER INFORMED CONSENT?

    ANSWER: YES

## SUMMARY OF ARGUMENT

In the instant matter, Michael Pedicone and his law firm, the Law Offices of Michael A. Pedicone P.A., should be disqualified as Mrs. Young's attorney because Pedicone's countervailing interest in Allstate Insurance Co. outweighs his ability to impartially represent her. Furthermore, the affirmative defense Mr. Pedicone has raised should be struck because it was raised without her informed consent and deprives of her a cause of action, and thus is detrimental to her interests. Mr. Pedicone has violated the Delaware Rules of Professional Cond. (herein referred to as DRPC) apparently in the interest of Allstate Insurance Co.

Mr. Pedicone violated the DRPC by representing Young while being paid by Allstate Insurance Co., a third party, while failing to maintain his independent judgment. The affirmative defense Mr. Pedicone raised is beneficial to Allstate Insurance Co., but serves to bar Mrs. Young's wrongful death action. Since a wrongful death action is a separate cause of action from a personal injury action, Mr. Pedicone's affirmative defense attempts to deprive her of potential recovery.

Michael Pedicone violated the DRPC by not consulting with Mrs. Young about raising the affirmative defense and failing to inform her that if this defense were successful, it would also bar her own wrongful death action.

Mr. Pedicone again violated the DRPC when he failed to inform Mrs. Young that by seeking to bar the wrongful death action, a conflict of interest existed between her and Allstate Insurance Co., and failed to obtain her written permission to pursue this course.

# ARGUMENT

I. **PEDICONE SHOULD BE DISQUALIFIED AS BARBARA YOUNG'S ATTORNEY, BECAUSE HIS COUNTERVAILING INTEREST IN REPRESENTING ALLSTATE INSURANCE COMPANY OUTWEIGHS HIS ABILITY TO IMPARTIALLY REPRESENT MRS. YOUNG**

The District Court has the authority to regulate the attorneys who appear before it, as it is the duty of the district court to supervise the Cond. of members of the bar. If necessary, the District Court has the power to disqualify attorneys whose Cond. breaches the standards established by the state bar. *Nemours Foundation v. Gilbane, Aetna, Federal Insurance Co.*, 632 F. Supp. 418, 421 (D. Del. 1986); *see also Webb v. E. I. Du Pont de Nemours & Co.*, 811 F. Supp. 158 (D. Del. 1992).

When disqualifying counsel, the courts balance "the purposes to be served by the particular rule against such countervailing interests..." *In re ML-Lee Acquisition Fund II, L.P.* 848 F. Supp. 527, 556 (D. Del. 1994), *see also United States v. Miller*, 624 F.2d 1198 (3d Cir 1980). The court considers "the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *Miller*, 624 F.2d at 1201.

By raising a defense against his client's cause of action without her informed consent, Pedicone's actions demonstrate that his countervailing interest in Allstate Insurance Co outweighs his ability to impartially represent Barbara Young. The purpose of the rules are to ensure clients are given impartial representation. Mr. Pedicone did not provide Mrs. Young impartial representation and the only measure which will remedy the situation is disqualification of both Mr. Pedicone and his law firm and striking the affirmative defense.

### A. Mr. Pedicone violated DRPC Rule 1.8 because he failed to maintain his independent judgment while being paid by a third party

Mr. Pedicone, while appearing before this Court, has violated DRPC Rule .8 by representing Mrs. Young while being paid by Allstate Insurance Co., a third party, while not maintaining his independent judgment. DRPC Rule 1.8 prohibits a lawyer from receiving payment from a third party, unless "there is no interference with the lawyer's independence of professional judgment or with the client lawyer relationship." *Del. Law. R. Prof. Cond. R.* 1.8(f)(2) The rationale is that

> "...third party payers frequently have interests that differ from those of the client, including interests in minimizing the amount spent on representation... lawyers are prohibited from accepting or continuing such representations unless the lawyer determines that there will be no interference with the lawyer's independent professional judgment and there is informed consent." *Del. Law. R. Prof. Cond. R.* 1.8, comment 11.

When an attorney is appointed by an insurance company, the attorney is still acting on behalf of the insured. For example, the Hawaii Supreme Court has found that "while the insurer may have a contractual right to select defense counsel, the insurer's desire to limit expenses must yield to the attorney's professional judgment and his or her responsibility to provide competent, ethical representation to the insured." *Finley v. Home Insurance Co.*, 975 P.2d 1145, 1154 (Haw. 1998).

The affirmative defense Mr. Pedicone raised would bar Mrs. Young's wrongful death claim due to issue preclusion, and thus is only beneficial to Allstate Insurance Co. Under issue preclusion, formerly known as collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153, 59

L. Ed. 2d 210, 99 S. Ct. 970 (1979)). *Schering Corp. v. Amgen Inc.*, 18 F. Supp. 2d 372, 388 (D. Del. 1998)

Mr. Pedicone violated DRPC Rule 1.8 because his professional judgment was influenced by his relationship with Allstate Insurance Co. in a way detrimental to Mrs. Young. By raising an affirmative defense against Ms. Vitale's wrongful death action, Mr. Pedicone also raised a defense against Mrs. Young's wrongful death action, because Mrs. Young's suit would have been barred by issue preclusion

Mr. Pedicone's March 23rd letter (A-4) states this is not an issue because he "believes she has her own claim for bodily injury against Catherine Shore which my affirmative defense does not affect." This is a callous and cavalier treatment of his client, Mrs. Young, because Mr. Pedicone's act will deprive her of a cause of action without her informed consent. Mrs. Young is entitled to all of the causes of action recognized by law. Mr. Pedicone's justification that Mrs. Young still has a personal injury action is irrelevant, because wrongful death is a separate cause of action from her personal injury action, however, wrongful death and personal injury are two separate causes of action, and to deprive Mrs. Young of one is detrimental to her interests.

The two different district causes of action under Delaware law are one for personal injuries allowed by common law, and one for wrongful death, which is authorized by statute. *10 Del. C. § 3724*. The damages awarded are different for each cause of action. According to the Delaware Pattern Jury Instructions, for personal injury, a plaintiff can be awarded damages for

(1) compensation for pain and suffering that [*he/she*] has suffered to date;

(2) compensation for pain and suffering that it is reasonably probable that [*plaintiff's name*] will suffer in the future;

(3) compensation for permanent impairment;

8

compensation for reasonable and necessary medical expenses incurred to date;

compensation for reasonable and necessary medical expenses that it is reasonably probable that [*plaintiff's name*] will incur in the future;

compensation for loss of earnings suffered to date; and

(7) compensation for earnings that will probably be lost in the future.

*DEL. P.J.I. CIV. 22.1 (2003).*

For wrongful death, the statutory damages are

(1) Deprivation of the expectation of pecuniary benefits ...that would have resulted from the continued life of the deceased;

(2) Loss of contributions for support;

(3) Loss of parental, marital and household services

(4) Reasonable funeral expenses not to exceed $2,000; and

(5) Mental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person.

*10 Del. C. § 3724 (d)*

It is possible for a plaintiff to have settled her personal injury claims and still pursue a wrongful death action. Or it is possible for a jury to award a plaintiff a nominal sum for personal injuries, but a substantial award for the wrongful death of a spouse. Mr. Pedicone's suggestion in his March 23, 2006 letter that that Mrs. Young's "claim for bodily injury" is not affected by the affirmative defense he filed ignores that he has filed a pleading designed to bar his client's recovery. There is no other way to construe his actions than an attempt to deny her compensation allowed by the wrongful death statute.

There is always the possibility of a counterclaim by a defendant in any personal injury suit, whether there is one plaintiff or two, as a defendant may believe she has a personal injury claim against a plaintiff in any case where liability is less than clear and the defendant may have suffered injuries. Following Mr. Pedicone's logic, it is always in the interest of the plaintiff's insurance carrier which is defending the counterclaim against its plaintiff-insured, to seek to dismiss its own client's action or otherwise bar its insureds from filing personal injury claims because there may be a counterclaim that it is forced to defend.

> B. Pedicone violated DRPC 1.4 by not telling Mrs. Young of the affect the affirmative defense could have against her wrongful death action by not receiving her informed consent to raise it

Mr. Pedicone has violated DRPC 1.4, failure to communicate with a client, because he did not inform Mrs. Young that he was going to raise a defense which would be detrimental to her interests or receive her informed consent to do so. DRPC Rule 1.4 requires attorneys to "promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in rule 1.0(e)." *Del. Law. R. Prof. Cond.* R. 1.4(a). DRPC Rule 1.0(e) defines informed consent as "the agreement by a person to a proposed course of Cond. after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed Cond." *Del. Law. R. Prof. Cond.* R 1.0(e). DRPC Rule .4(a)(2) also mandates an attorney "reasonably consult with the client about the means by which the client's objectives are to be accomplished." *Del. Law. R. Prof. Cond.* R. 1.4(a)(2). Finally, "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *Del. Law. R. Prof. Cond.* R. 1.4(b). When an insurer appoints counsel to defend a client, the insured is considered the lawyer's client. *Point Pleasant Canoe Rental, Inc. v. Tinicum Township,* 10

F.R.D. 166, 170 (D. Pa. 1986) (citing ABA Comm. On Ethics and Professional Responsibility, Informal Op. 1476).

Mr. Pedicone violated DRPC Rule 1.4 because he did not explain to Mrs. Young the ramifications of raising an affirmative defense against Ms. Vitale. Mr. Pedicone further violated rule 1.4 because he did not explain to Mrs. Young that this defense, if successful, would preclude her wrongful death action. Simply forwarding Mrs. Young a copy of the pleadings without explanation does not satisfy the duty an attorney has to communicate decisions to his client pursuant to DRPC 1.4. Mrs. Young has the right to be able to participate in her legal proceedings, and Mr. Pedicone has a duty to communicate his decisions so that she may do so. DRPC Rule 1.4 was violated since Mr. Pedicone did not consult with Mrs. Young before raising the affirmative defense or receive her informed consent to do so.

    C. **Mr. Pedicone violated DRPC Rule 1.7 by creating a conflict of interest among himself, Mrs. Young, and Allstate Insurance Co. when he raised the affirmative defense without informed consent**

Mr. Pedicone violated DRPC Rule 1.7, which forbids an attorney from representing a client in conflict with another without permission. DRPC Rule 1.7 states that a lawyer "shall not represent a client if the representation involves a concurrent conflict of interest." *Del. Law. R. Prof. Cond. R.* 1.7(a). A conflict of interest arises if "the representation of one client will be directly adverse to another client" or "there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client..." *Del. Law. Prof. Cond. R.* 1.7(a)(1), (2). When a conflict of interest arises, a lawyer may represent a client only if "each affected client gives informed consent, confirmed in writing." *Del. Law. R. Prof. Cond. R.* 1.7(b)(4).

11

Simply stated, "it is unethical Cond. for an attorney to participate in any lawsuit against his own client without the knowledge and consent of all concerned." *Manoir-Electroalloys Corp. v. Amalloy Corp.*, 711 F. Supp. 188 at 192 (D.N.J. 1989). When "conflicts of interest arise between an insurance carrier and its' insured, the lawyer representing the insured must act exclusively on behalf of, and in the best interests, of the insured." *Point Pleasant Canoe Rental, Inc.*, 110 F.R.D. at 166. This is because "an attorney owes a fiduciary duty to the insured even when the attorney originally represents the insurer." *Ettinger v. Cranberry Hill Corp.*, 665 F. Supp. 368, 372 (D. Pa. 1986).

Mrs. Young does not have the legal expertise to recognize that a conflict of interest materialized with Allstate Insurance Co., and Mr. Pedicone once the affirmative defense was raised. It is Mr. Pedicone's duty to inform her that the conflict of interest exists in order to allow her to make an informed decision as to whether she wishes to retain him as counsel. Instead, Mr. Pedicone filed the affirmative defense, without Mrs. Young's informed consent, an action which benefited the insurance carrier to the detriment of Mrs. Young.

## CONCLUSION

Mr. Pedicone and his law firm, the Law Offices of Michael A. Pedicone, P.A., should be disqualified as Barbara Young's attorney and the affirmative defense should be stricken.

William W. Erhart, P.A

By: /s/William W. Erhart
William W. Erhart, Esquire, #2116
800 King Street, Suite 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (facsimile)
erhartw@covad.net
Attorney for Barbara Young

Date: May 26, 2006

12