IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Barbara Young
and Kathryn Vitale

      Plaintiffs,

      v.

Catherine Shore

      Defendant.

C.A. No. 1:05-cv-822 (JJF)

TRIAL BY JURY  DEMANDED

**PLAINTIFF BARBARA YOUNG'S
APPENDIX TO HER OPENING BRIEF IN SUPPORT OF HER MOTION TO
DISQUALIFY COUNSEL AND STRIKE AFFIRMATIVE DEFENSE**

WILLIAM W. ERHART, P.A.

WILLIAM W. ERHART,
ESQUIRE

I.D. NO.: 2116
800 King St., Ste. 302
Wilmington, DE 18999
302-651-0113
Attorney for Barbara Young

# APPENDIX

March 17, 2006 Revised Pleadings                                    A-1, 2

March 19, 2006 Erhart to Pedicone email....                        .A-3

March 23, 2006 Pedicone reply to Erhart                            ..A-4

April 26, 2006 Erhart's reply to Pedicone                          .A-5

April 28, 2006 Pedicone's reply to Erhart.                         ....A-6,7

May 25, 2006 Declaration of Barbara Young.                         ....…..A-8-10

February 22, 2006 Letter from Pedicone to Young I                  ....A-11

February 22, 2006  Letter from Pedicone to Young II                .A-12

Attachment to February 22 Letter to Young....                      …A-13-20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BARBARA YOUNG, and
KATHRYN VITALE,

       Plaintiffs,                                     C.A. NO. 05-822 JJF

       v.

CATHERINE SHORE,                }        TRIAL BY JURY DEMANDED
                                }

       Defendant.

### *ANSWER OF BARBARA YOUNG TO COUNTERCLAIM*

30.    Denied.

31.    Denied

       WHEREFORE, counterdefendant Barbara Young demands judgment in her behalf plus

### *AFFIRMATIVE DEFENSES*

32.    The claim of Kathryn Vitale is barred pursuant to the Delaware Wrongful Death Act

which requires that there shall be only one cause of action for the benefit of the estate and

survivors and such action has been filed in Superior Court in New Castle County,

Delaware.

       WHEREFORE, counterdefendant Barbara Young demands judgment in her behalf plus

                                    MICHAEL A. PEDICONE, P.A.

                                    By: */s/ Michael A. Pedicone*
                                      Michael A. Pedicone, Esquire (No. 2424)
                                      109 W. 7th Street
                                      P.O. Box 1395
                                      Wilmington, DE 19899
                                      (302) 652-7850
                                      Mikepedicone@verizon.net

Dated: March 17, 2006               Attorney for Barbara Young Counterdefendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BARBARA YOUNG, and
KATHRYN VITALE,

     Plaintiffs,                           C.A. NO. 05-822 JJF

CATHERINE SHORE,            )     TRIAL BY JURY DEMANDED
                              )

     Defendant.

## *NOTICE OF SERVICE*

I hereby certify that I have caused copies of the foregoing Answer of Barbara Young to

Counterclaim to be served via electronic filing and US mail on March 17, 2006, upon:

William W. Erhart, Esquire  
800 North King Street  
Suite 302  
Wilmington, DE 19801  
(302) 651-0113  
erhartw@covad.net  
Attorney for Plaintiffs

Louis B. Ferrara, Esquire  
Ferrara, Hayley, Bevis & Solomon  
1716 Wawaset Street  
P.O. Box 188  
Wilmington, DE 19899-0188  
(302) 656-7247  
lferrara@ferraralaw.net  
Attorney for Defendant

MICHAEL A. PEDICONE, P.A.

By:  */s/ Michael A. Pedicone*
         Michael A. Pedicone, Esquire (No. 2424)
         109 W. 7th Street
         P.O. Box 1395
         Wilmington, DE 19899
         (302) 652-7850
         Mikepedicone@verizon.net
         Attorney for Barbara Young Counterdefendant

Dated:  March 17, 2006

A-2

## erhartw

| | |
|---|---|
| From: | "erhartw" <erhartw@covad.net> |
| To: | "Rock, Patrick G" <patrickrock@verizon.net>; "Pedicone, Michael" <mikepedicone@verizon.net> |
| Sent: | Sunday, March 19, 2006 4:00 PM |
| Subject: | Young & Vitale v Shore |

Mike

I read your Answer of Barbara Young to the Counterclaim. It is identical to the one I filed, but for the affirmative defense raised against Kathryn Vitale, who has no claim against Barbara Young.

In the federal action, Mrs. Young and Ms. Vitale, Mrs. Young's daughter, have brought Wrongful Death claims against Catherine Shore. Mrs. Young has brought her own personal injury claim against Catherine Shore.

My action is brought earlier than the one in Superior Court, which, as I understand it, is solely a survivorship action brought by the Estate pursuant to 10 Del. C. sec. 3704, as it has no standing to file a Wrongful Death action under 10 Del. C. sec. 3724. Section 3724 (a) permits only one action pursuant to the Wrongful Death subchapter.

This may matter because as Mrs. Young's agent, if you have brought a defense against Ms. Vitale's Wrongful Death claim, you have brought a defense against Mrs. Young's Wrongful Death claim.

If I have missed something, please give me a call. Otherwise, please withdraw the Answer to the Counterclaim, as filed in error.

Thank you

William W. Erhart
William W. Erhart, P.A.
800 King Street, Suite 302
Wilmington, DE 19801
(302) 651-0113 (voice)
(302) 651-0331 (fax)

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by electronic mail or by telephone (302) 651-0113 and delete this message and any copies or backups. Thank you.

A-3

04/20/2006

LAW OFFICES
**MICHAEL A. PEDICONE, P.A.**
109 W. 7TH STREET
P.O. BOX 1395
WILMINGTON, DE 19899

MAR 2 4 2006

MICHAEL A. PEDICONE
PATRICK G. ROCK*
*Delaware, Maine and Mass Bars

TELE: (302) 652-7850
FAX: (302) 652-7876

March 23, 2006

William W. Erhart, Esquire
800 King Street, Suite 302
Wilmington, DE 19801

Re: *Young & Vitale v. Shore v. Young*

Dear Bill:

I received your e-mail in this matter.

There may be a legal issue as to whether the Wrongful Death statute allows separate claims for wrongful death and survivorship. If so, I expect that the court will eventually resolve that. If the court resolves the issue consistent with your thinking then my affirmative defense will be stricken.

However, on the chance that the court may eventually resolve the issue consistent with my interpretation, it would be against my client Barbara Young's best interest to drop that defense now. As far as Barbara Young is concerned, I believe that she has her own claim for bodily injury against Catherine Shore which my affirmative defense does not affect.

Under the circumstances, I do not see how I can withdraw my Answer as filed in error while representing the best interests of my client Barbara Young.

Please advise in writing of your thoughts in light of these comments.

Thank you

Very truly yours,

*Mike Pedicone*

MICHAEL A. PEDICONE

MAP/kcc

A-4

# WILLIAM W. ERHART, P.A.

Attorney at Law
800 King Street, Suite 302
Wilmington, DE 19801

Telephone: (302) 651-0113
Telecopier: (302) 651-0331

William W. Erhart
Laura Beth Taylor*

*Admitted in PA & NJ only

April 26, 2006

Michael A. Pedicone, Esquire
109 W. 7th Street
PO Box 1395
Wilmington, DE 19899-1395

     Re:    Young et al v. Shore C.A. # 1:05 cv 822 (JJF)

Dear Mike:

    I read your March 23 2006 letter and have given it much thought. I believe your position is wrong and untenable.

    Barbara Young has a wrongful death claim in its own right. Your raising the affirmative defense that one cannot have a wrongful death case in one action and a survivorship action in another case, with regard to Kathryn Vitale is raising the issue against Mrs. Young. An adverse decision against Ms. Vitale's wrongful death claim will be an adverse decision against Mrs. Young via collateral estoppel. Thus you actions are directly adverse to the interest of Mrs. Young, whom you purport to represent.

    In filing the affirmative defense, you neither consulted with Mrs. Young nor me. Your failure to advise your client of the consequences of the action or to discuss with me your theories and plans is a serious breach of your duties to Mrs. Young.

    Please withdraw the affirmative defense immediately or I will have no choice but to file a motion to strike the affirmative defense and to file a motion to disqualify you as counsel.

                            Very truly yours,

                            William W. Erhart

Xc: Mrs. Barbara Young
Ms. Kathryn Vitale

A-5

LAW OFFICES
**MICHAEL A. PEDICONE, P.A.**
109 W. 7TH STREET
P.O. BOX 1395
WILMINGTON, DE 19899

MAY ε 1 2006

MICHAEL A. PEDICONE
PATRICK G. ROCK*
*Delaware, Maine and Mass Bars

TELE: (302) 652-7850
FAX: (302) 652-7876

April 28, 2006

William W. Erhart, Esquire
800 King Street, Suite 302
Wilmington, DE 19801

**Re: *Young & Vitale v. Shore v. Young***

Dear Bill:

In this matter I am defending a counterclaim against Barbara Young. This representation arises through her insurance policy with her carrier which is a written contract and my focus is solely on defending Ms. Young from the claims brought against her.

Legally and ethically, I will not be compelled by my client to take a position that I believe to be against her best interest in defending the claims brought against her. Similarly, I will not be compelled by another attorney to take some position that is against the best interest of my client in defending the claims brought against her.

It appears to me that you may have a conflict of interest in representing Ms. Vitale and Ms. Young.

If I receive a motion to strike affirmative defense and/or motion to disqualify, I will have no choice but to file countermotions, including one seeking to disqualify you.

On the other hand, I believe that we can both properly discharge our duties to our respective client(s) as long as we each focus on our respective duties.

If you are going to file any motions, I ask that you do it sooner rather than later so that any new attorney(ies) who may have to come into the matter have adequate time to represent the client(s).

A-6

William W. Erhart, Esquire
April 28, 2006
Page 2

Thank you.

Very truly yours,

Mike Pedicone

MICHAEL A. PEDICONE

MAP/kcc

cc:    Barbara Young

A-7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Barbara Young
and Kathryn Vitale

        Plaintiffs,

        v.

Catherine Shore

        Defendant

C.A. No.  :05-cv-822 (JJF)

TRIAL BY JURY DEMANDED

## DECLARATION OF BARBARA YOUNG

I, Barbara Young, hereby declare:

1  I am the Plaintiff in this diversity action.  I filed this action for personal injuries and wrongful death for my deceased husband, Donald A. Young

2.  Kathryn Vitale is my adult daughter.

3.  My attorney, William W. Erhart, Esquire, filed a complaint for wrongful death against Catherine Shore, on December 1, 2005, in the United States District Court for the District of Delaware.

4.  Allstate Insurance Company was my insurance carrier on December 13, 2003, the day the incident took place.

5.  My first contact with Mr. Pedicone was in late January of 2006, when I was contacted by him over the telephone to discuss the settlement between Allstate Insurance Company and the Estate of Donald A. Young

6.  Mr. Pedicone told me that Allstate Insurance Company had appointed him as my attorney.

7   Mr. Pedicone did not explain his duties to me as my attorney or the scope of the attorney-client privilege.

8.  In neither conversation did Mr. Pedicone and   discuss raising an affirmative defense.

9   On February 22, 2006, I received a letter from Mr. Pedicone. The letter stated that he represents me in the matter of Angelo Couzono, Esq., Administrator Pendente Lite on behalf of the *Estate of Donald Young v. Barbara Young*, Case Number 05L-12-099 (JRS).  (attached in exhibit "G")

10.  February 22, 2006, I received a separate letter from Mr. Pedicone with a copy of Catherine Shore's Answer and Counterclaim  This letter also contained Mr. Pedicone's proposed Answer to the Counterclaim.  (attached in exhibit "G")

Mr. Pedicone's proposed Answer to the Counterclaim contained an affirmative defense against Vitale.  I did not understand the significance of the affirmative defense (attached in exhibit "G")

12. After the February 22nd letters, I had no further contact with Mr. Pedicone.

13.  Mr. Pedicone did not discuss or explain to me the affect of the affirmative in his Answer to the Counterclaim

14. Mr. Pedicone did not inform me of the affect affirmative defense will have against my wrongful death action.

15. Mr. Pedicone did not explain that there may be a potential conflict of interest between me, Mr. Pedicone, and Allstate Insurance Company because of the affirmative defense.

16. Mr. Pedicone did not ask for my permission to continue representation with him or advise me to seek independent counsel because of this conflict of interest.

A-9

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 26, 2006.

/s/ Barbara Young

Barbara Young

LAW OFFICES
**MICHAEL A. PEDICONE, P.A.**
109 W. 7TH STREET
P.O. BOX 1395
WILMINGTON, DE 19899

MICHAEL A. PEDICONE                                          TELE: (302) 652-7850
PATRICK G. ROCK*                                             FAX: (302) 652-7876
*Delaware, Maine and Mass Bars

February 22, 2006

Barbara Young
102 Cloverhill Road
Millington, NJ 07946

     *Re: Estate of Donald Young v. Barbara Young*

Dear Mrs. Young:

     As you know, I represent you in the above matter which was filed in Superior Court of New Castle County, Delaware.

     Prior to my being retained by your insurance company there was a verbal agreement to settle the claim for the policy limits of $250,000.00. Since my involvement, I have sent a form of release to Bruce Hudson who represent the Estate of Donald Young. This release as written ensures that upon payment of the insurance proceeds that you and Allstate are protected from any direct action by Medicare, Medicaid or any other entity that may have paid for care for Mr. Young after the auto accident.

     I am waiting to receive the properly executed release or written confirmation that the properly executed release (as written) will be provided upon payment of the policy limits.

     Please call me with any questions or problems in this matter.

     Thank you.

                                             Very truly yours,

                                             *[signature]*

                                             MICHAEL A. PEDICONE

MAP/kcc

A-11

LAW OFFICES
**MICHAEL A. PEDICONE, P.A.**
109 W. 7TH STREET
P.O. BOX 1395
WILMINGTON, DE 19899

MICHAEL A. PEDICONE
PATRICK G. ROCK*
*Delaware, Maine and Mass Bars

TELE: (302) 652-7850
Fax: (302) 652-7876

February 22, 2006

Barbara Young
102 Cloverhill Road
Millington, NJ 07946

   *Re: Young & Vitale v. Shore v. Young*

Dear Mrs. Young:

  Enclosed with this letter are the following:

1.  Defendant Shore's Answer and Counterclaim against you;
2  Proposed Answer to Counterclaim on your behalf.

  Please review these pleadings and then call me to discuss this matter as soon as possible.

  Thank you.

    Very truly yours,

    MICHAEL A. PEDICONE

MAP/kcc
enc.

A-12

CLOCKED-IN COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Barbara Young
and Kathryn Vitale

Case No.: 05-822  JJF

Plaintiffs,

TRIAL BY JURY DEMANDED

v.

Catherine Shore,

Defendant

## DEFENDANT'S ANSWER AND COUNTERCLAIM

### JURISDICTION AND VENUE

Admitted

2    Admitted.

### THE PARTIES

3    Admitted upon information and belief.

4    Admitted upon information and belief.

5.    Admitted

6.    Admitted



### BACKGROUND FACTS

7.    Admitted that Plaintiff Young and her husband, Donald Young, were occupants of their own vehicle traveling south on James Street in Newport, Delaware. Admitted that Plaintiff Barbara Young was operating the vehicle. Denied that Plaintiff Young entered legally  and in obeyance of the traffic device, the intersection of James and Justis Streets. Admitted that her husband, Donald Young, occupied the front passenger seat

A-13

8.    Admitted that Defendant Catherine Shore was traveling west on Justis Street. Denied that she entered the intersection with James Street against the red traffic signal device, failing to yield the right of way, and at a speed greater than the posted limit.

9    Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

10.    Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

11    Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

12.    Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

13.    Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

## CAUSE OF ACTION

### NEGLIGENCE-PERSONAL INJURY

14    Defendant restates paragraphs    through 13 above as set out in full and incorporates them by reference.

15.(a-h)Denied.

16.    Denied as to negligence and proximate result.   Defendant is without sufficient knowledge to respond to the balance of the information contained in this paragraph.

A—14

## RECKNESSNESS – PERSONAL INJURY

17.   Defendant restates paragraphs 1 through 16 above as set out in full and incorporates them by reference.

18   Denied as to wantonness, willfulness, recklessness and proximate cause.

19   Denied as to wantonness, willfulness, reckless misconduct and proximate result.   Defendant is without sufficient knowledge to respond to the information contained in the balance of this paragraph.

## WRONGFUL DEATH ACTION

20.   Defendant restates paragraphs 1 through 19 above as set out in full and incorporates them by reference.

21.   Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

22.   It is Defendant's contention that this wrongful death action cannot be brought by the Plaintiffs in this matter inasmuch as Plaintiff Young was the driver of one of the vehicles in the collision and liability has not been determined.

23.   Defendant is without sufficient knowledge to respond to the information contained in this paragraph.

24.   Admitted.

25.   This averment does not allege anything which requires a response. Defendant denies liability for death of decedent Donald Young.

26.   This averment does not allege anything which requires a response. Defendant denies liability for death of decedent Donald Young.

## AFFIRMATIVE DEFENSES

27.    Defendant restates paragraphs    through 26 above as set out in full and incorporates them by reference.

28    Plaintiff Barbara Young's negligence was the proximate cause of the accident in that she:

(a)    failed to adhere to the red traffic control signal that faced her as she proceeded on James Street in violation of 21 Del. C. §4107(a) and §4108(a)(1);

(b)    failed to comply with a traffic control signal, namely a red light, in violation of 21 Del. C. §4108(a)(3)(a);

(c)    drove her vehicle in willful and wanton disregard for the safety of persons and property, in violation of 21 Del. C. §4175(a);

(d)    drove her vehicle in a careless, imprudent or inattentive manner, in violation of 21 Del. C. §4176(a);

(e)    failed to keep a proper lookout while operating her vehicle in violation of 21 Del. C. §4176(b);

28.    Plaintiff's injuries, if any, are not causally related to this accident.

29.    Counts I and II fail to make any allegations pertaining to Kathryn Vitale; as such Defendant denies any and all liability to that Plaintiff.

WHEREFORE, Defendant, Catherine Shore, demands that the Complaint against her be dismissed with prejudice and that judgment be entered in her favor and against Plaintiffs, together with reasonable attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNTERCLAIM FOR CONTRIBUTION AND/OR IDEMNIFICATION

30.    The aforesaid accident was proximately caused by the negligent conduct of Plaintiff Barbara Young, in that she:

(a)    failed to adhere to the red traffic control signal that faced her as she proceeded on James Street in violation of 21 Del. C. §4107(a) and §4108(a)(1);

(b)    failed to comply with a traffic control signal, namely a red light, in violation of 21 Del. C. §4108(a)(3)(a);

(c)    drove her vehicle in willful and wanton disregard for the safety of persons and property, in violation of 21 Del. C. §4175(a);

(d)    drove her vehicle in a careless, imprudent or inattentive manner, in violation of 21 Del. C. §4176(a);

(e)    failed to keep a proper lookout while operating her vehicle in violation of 21 Del. C. §4176(b);

31.    Based on the foregoing counterclaim, Defendant denies liability for any damages allegedly suffered by the Plaintiffs. However, in the event that the Defendant is held primarily liable to Plaintiffs, then the alleged wrongful acts of Plaintiff Barbara Young were contributing causes of the damages sustained by Plaintiff Barbara Young and Plaintiff Kathryn Vitale and the Defendant is entitled to contribution in any amount which she may be required to pay Plaintiffs as a result of Plaintiff Barbara Young's wrongful acts based on the relative degrees of fault determined pursuant to Delaware's Uniform Contribution Among Tortfeasor Law, 10 Del. C. §630 *et seq.*

WHEREFORE, Defendant, Counter-Claimant Catherine Shore, demands judgment against Plaintiff Barbara Young for contribution and/or indemnification, costs to be assessed against Plaintiff, Counterclaim Defendant.

FERRARA, HALEY, BEVIS & COLLINS

Louis B. Ferrara (I.D. #146)
1716 Wawaset Street
P.O. Box 188
Wilmington, DE 19899
(302) 656-7247
Attorney for Defendant

Dated: 1/11/86

A-1B

## CERTIFICATE OF SERVICE

I, Louis B. Ferrara, attorney for Defendant and Counter-Claimant, do hereby certify that I caused two copies of the attached Defendant's Answer to the Complaint and Counterclaim to be served via U.S. mail upon:

>William W. Erhart, Esquire
>William W. Erhart, P.A.
>800 King Street, Suite 302
>Wilmington, DE 19801
>Attorney for Plaintiffs

FERRARA, HALEY, BEVIS & COLLINS

Louis B. Ferrara (I.D. #146)
1716 Wawaset Street
P.O. Box 188
Wilmington, DE 19899-0188

Dated  6/11/06

A–19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BARBARA YOUNG, and
KATHRYN VITALE,                                )

    Plaintiffs,                                          C.A. NO. 05-822 JJF

       v.                                           )
                                               )
CATHERINE SHORE,                               )    TRIAL BY JURY DEMANDED

    Defendant.

## ANSWER OF BARBARA YOUNG TO COUNTERCLAIM

30.   Denied.

31.   Denied

      WHEREFORE, counterdefendant Barbara Young demands judgment in her behalf plus

## AFFIRMATIVE DEFENSES

32    The claim of Kathryn Vitale is barred pursuant to the Delaware Wrongful Death Act

which requires that there shall be only one cause of action for the benefit of the estate and

survivors and such action has been filed in Superior Court in New Castle County,

Delaware.

      WHEREFORE, counterdefendant Barbara Young demands judgment in her behalf plus

MICHAEL A. PEDICONE, P.A

By:  /s/  Michael A. Pedicone
    Michael A. Pedicone, Esquire (No. 2424)
    109 W. 7th Street
    P.O. Box 1395
    Wilmington, DE 19899
    (302) 652-7850

Dated    February 22, 2006          Attorney for Barbara Young Counterdefendant

A-20