**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Barbara Young and Kathryn Vitale | : | |
| Plaintiffs, | : | C.A. No. 1:05-cv-822 (JJF) |
| v. | : | TRIAL BY JURY DEMANDED |
| Catherine Shore | : | |
| Defendant. | : | |

**PLAINTIFF, BARBARA YOUNG'S
REPLY BRIEF IN SUPPORT OF HER MOTION TO DISQUALIFY COUNSEL AND
STRIKE AFFIRMATIVE DEFENSE**

**WILLIAM W. ERHART, P.A.**
WILLIAM W. ERHART, ESQUIRE
I.D. NO.: 2116
800 King St., Ste. 302
Wilmington, DE 19801
302-651-0113
Attorney for Barbara Young

**TABLE OF CONTENTS**

TABLE OF CITATIONS..................................................................................................ii

ARGUMENT......................................................................................................................1

I.      **PEDICONE MUST BE DISQUALIFIED BECAUSE HE HAS DEMONSTRATED THAT HE CANNOT MAINTAIN HIS INDEPENDENT PROFESSIONAL JUDGMENT WHILE BEING PAID BY A THIRD PARTY**………………………………………………………..1

CONCLUSION……………………………..……………………..…………………….3

## TABLE OF CITATIONS

**CASES**

*Finley v. Home Ins. Co.*,
    **975 P.2d 1145 (Haw. 1998)** ..….…………………...….………..…….…......…1

**RULES**

*Del. Law. R. Prof. Cond.* R 1.2 (c ) …………………………………...……………….. 1

*Del. Law. R. Prof. Cond.* R.  1.8……………………………...……………….....….………1

**BARBARA YOUNG'S REPLY BRIEF TO
MOTION FOR DISQUALIFICATION AND TO STRIKE AFFIRMATIVE DEFENSE**

Plaintiff Barbara Young hereby files this Reply Brief in support of her Motion to Disqualify Counsel.

ARGUMENT

I. **PEDICONE MUST BE DISQUALIFIED BECAUSE HE HAS DEMONSTRATED THAT HE CANNOT MAINTAIN HIS INDEPENDENT PROFESSIONAL JUDGMENT WHILE BEING PAID BY A THIRD PARTY**

The Response to the Motion to Disqualify is an admission of error, not of the impermissible conflict, but of the underlying affirmative defense. While it is commendable that counsel can acknowledge error, Mr. Pedicone persists in mistaken loyalty.

> While defense counsel hired by an insurance carrier may limit the scope of representation pursuant to Delaware Rule of Professional Conduct (herein "DRPC") Rule 1.2(c), defense counsel may not limit interest in the client nor fail to consider the client's interest. As set forth in the Opening Brief DRPC Rule 1.8 forbids an attorney from receiving payment from a third party, unless "there is no interference with the lawyer's independence of professional judgment or with the client lawyer relationship." *Del. Law. R. Prof. Cond.* R. 1.8(f)(2)

The attorney's obligation is to provide professional judgment and competent, ethical representation to the client. *Finley v. Home Insurance Co.*, 975 P.2d 1145, 1154 (Haw. 1998).

Mr. Pedicone is still in violation of Rule 1.8 because his response demonstrates that he cannot maintain his professional and independent judgment while representing Mrs. Young and being paid by Allstate Insurance Co. Though Mr. Pedicone maintains that "his only interest in this matter is the protection of Barbara Young's assets from a counterclaim" (¶2, Response to Motion), his actions have demonstrated otherwise. Mr. Pedicone attempted to raise an affirmative defense against his client's pecuniary interests without her informed consent, and

1

apparently in the interest of a third party-- even after being told of the conflict by another attorney.

Though he has withdrawn the affirmative defense, Mr. Pedicone acknowledges that "it would be a conflict of interest for him to have considered Barbara Young's affirmative claims in deciding how to defend claims against her." (¶3, Response to Motion). Mr. Pedicone acknowledges that his actions were directly against the pecuniary interest of his client and still maintains that he is not to consider her affirmative claims. If this is true then he will be in the odd position of asking the jury to decide against his client Plaintiff Barbara Young and in favor of Defendant Catherine Shore to avoid the possibility of an exposure to Allstate Insurance Company. Because he still misconstrues his obligations, the only remedy is disqualification.

## CONCLUSION

Mr. Pedicone and his law firm, the Law Offices of Michael A. Pedicone, P.A., should be disqualified as Barbara Young's attorney and the affirmative defense should be stricken.

> William W. Erhart, P.A.
>
> By:   /s/William W. Erhart
> William W. Erhart, Esquire, #2116
> 800 King Street, Suite 302
> Wilmington, DE 19801
> (302) 651-0113
> (302) 651-0331 (facsimile)
> erhartw@covad.net
> Attorney for Barbara Young

Date: June 16, 2006

2