## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Barbara Young | : | |
| and Kathryn Vitale | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 1:05-cv-822 (JJF) |
| | : | |
| v. | : | TRIAL BY JURY  DEMANDED |
| | : | |
| Catherine Shore | : | |
| | : | |
| Defendant. | : | |

### JOINT PRE-TRIAL STIPULATION AND ORDER

(1)    A statement of a nature of the action, the pleadings in which the issues are raised and whether counterclaims, cross-claims, etc., are involved.

**Plaintiff's Statement**:

This is a personal injury and wrongful death case filed by Plaintiff Barbara Young and Kathryn Vitale. Barbara Young was injured by the negligence of Defendant Catherine Shore on December 13, 2003. Ms. Young is the widow of Donald Young, who received injuries that evening that led to his death. Kathryn Vitale is the daughter of Donald Young.

A counter-claim was raised by Defendant Shore against Plaintiff Young for contribution for any amounts awarded to Plaintiff Vitale.

The issues are raised in the Complaint and the Answer/Counterclaim thereto.

**Defendants Statement:**

This is personal injury and wrongful death case with no liability on the part of Defendant Catherine Shore.  Defendant filed a Counterclaim stating that Plaintiff Young's negligence was the proximate cause of the accident causing the injuries to Barbara Young and the injuries leading to the death of Donald Young.

(2)    The constitutional or statutory basis of Federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

Pursuant to 28 U.S.C. § 1393, venue is proper in the Court as to all counts as Defendants reside in the District in which this Court is located and all events regarding the charges took place within the district in which this Court is located.

The Defendant admits jurisdiction in her answer.

**Defendant's Statement:**

See Plaintiff's response above.

(3)    A statement of the facts which are admitted and require no proof.

1.    The collision occurred on December 13, 2003 at approximately 9:05 p.m.

2.    The collision occurred at the intersection of James and Justis Streets in the City of Newport, Delaware

3.    Barbara Young was driving a 1996 Oldsmobile Cierra at the time.

4.    Donald Young was a passenger in the front passenger seat of the 1996 Oldsmobile Cierra.

5.    Catherine Shore was driving a 2000 Volkswagen Passat at the time.

6.    The Young vehicle was traveling south on James Street approaching the intersection with Justis Street.

7.    The Shore vehicle was traveling west on Justis Street approaching the intersection with James Street.

8.    The collision caused Barbara Young to suffer suffered multiple blunt trauma, bilateral multiple fractured ribs, left massive hemothorax, right pleural effusion, traumatic shock, right distal radial fracture, scalp laceration, bilateral sacral ala fractures, right superior and inferior pubic rami fractures, left pubic symphysis fracture and right anterior wall acetabular fracture.

9.    Medical treatment related to the December 13, 2003 trauma cost approximately $60,000.00 for Barbara Young.

10.    Donald Young died as a result of the December 13, 2003 collision and trauma.

(4)    A statement of the issues of fact which any party contends remain to be litigated.

**Plaintiff's Statement:**

1.    Whether Defendant Shore failed to perceive a red light at the intersection of Justis and James Streets in Newport, Delaware, until it was too late to avoid a collision with the Young vehicle.

2.    Whether Defendant Shore was negligent in the operation of her vehicle causing the injuries to Plaintiffs.

3.    The comparative negligence of Plaintiff Young, if any.

4.    Damages to be awarded to Plaintiffs, if any.

**Defendant's Statement:**

      1.      Whether Plaintiff Young failed to perceive a red light at the intersection of Justice and James Street until it was too late to avoid a collision with the Shore vehicle.

      2.      Whether Plaintiff Young was negligent in the operation of her vehicle causing the injuries to Plaintiffs.

      (5)      A statement of the issues of law which any party contends remain to be litigated, and a citation of authorities relied upon by each party.

**Plaintiff's Statement:**

**Defendant's Statement:**

      None.

      (6)      A list of pre-marked exhibits, including designations of interrogatories and answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.

**Schedule (6)(1)**
**Plaintiff's "No Objection" Exhibits**

1.  The following exhibits were offered by Plaintiff, received in evidence and marked as indicated.

| Plaintiff's Exhibit Number | Description |
|---|---|
| 1 | Medical records of Barbara Young |
| 2 | Photographs taken by the New Castle County Police |
| 3 | Photographs taken by William Sherkey |
| 4 | Medical invoices of Barbara Young |
| 5 | Medical records of Donald Young |
| 6 | Drawings of scene by County Police |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Schedule (6)(2)**
**Plaintiff's "Objection" Exhibits**

| Plaintiff's Exhibit No. | Description | Defendant's Basis for Objection | Plaintiff's Response to Objection |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Schedule (6)(3)**
**Plaintiff's Demonstrative Evidence**

| Plaintiff's Exhibit No. | Description |
|---|---|
| A | Drawings of scene illustrating movement of vehicles |
| | |

Defendant reserves the right to enter any exhibits on Plaintiffs' list not objected to, or admitted by the Court over Defendant's objection to its case in chief.  Additional exhibits not listed above, may be offered for rebuttal purposes with the Court's permission.  Defendant reserves the right to blow up for use as a demonstrative exhibit any exhibit (plaintiff's or defendant's) admitted by the Court into evidence.

**Schedule (6)(1)**
**Defendant's "No Objection" Exhibits**

1. The following exhibits were offered by Defendant, received in evidence and marked as indicated.

**Defendant's Exhibits:**

| Defendant's Exhibit No. | Description |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Schedule (6)(2)**
**Defendant's "Objection" Exhibits**

| Defendant's Exhibit No. | Description | Plaintiff's Basis for Objection | Defendant's Response to Objection |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

       Plaintiff reserves the right to enter any exhibits on Defendant's list not objected to, or admitted by the Court over Plaintiff's objection in its case in chief.  Additional exhibits not listed above, may be offered for rebuttal purposes with the Court's permission.  Plaintiff reserves the right to blow up for use as a demonstrative exhibit any exhibit (plaintiff's or defendant's) admitted by the court into evidence.

(7)     The names and addresses of all witnesses a party intends to call to testify either in person, or by deposition, at the trial and the specialties of experts to be called as witnesses.

**<u>Plaintiff's Statement:</u>**

1.      Barbara Young
        102 Clover Hill Road
        Millington, NJ 07946

2.      Kathryn Vitale
        4416 East Range Place
        Cave Creek, AZ 85331

3.      Catherine Shore
        5902 Highland Court
        Paladin Club
        Wilmington, DE 19802

4.      Cpl. Thomas Mason
        NCCPD
        3601 N. DuPont Highway, Minquadale
        New Castle, DE 19720

5.      Cpl. H. J. Brown
        Newport Police Department
        226 N. James Street
        Newport, DE 19804

6.      William Sherkey (accident reconstruction)
        1 Balmoral Court
        Wilmington, DE 19808

7.      Ofc. Charles Dulin
        New Castle County Police Department
        3601 N. DuPont Highway, Minquadale
        New Castle, DE 19720

8.      Dr. Douglas Palma (Orthopedic)
        Orthopaedic Specialties, P.A.
        7701 N. Clayton Street
        Wilmington, DE

9.      Dr. Ananth P. Nabha (Trauma medicine)
        4755 Ogletown Stanton Road
        Newark, DE 19713

**Defendants Statement**:

1.    Catherine Young
      5902 Highland Court
      Wilmington, DE  19802

2.    Mariann Kamm
      74 Wheeler Circle
      Smyrna, DE  19977

3.    Raymond Kamm
      5635 El Paseo Drive
      Sparks, NV  89434

4.    Cpl. Thomas Mason
      NCCPD
      3601 N. DuPont Highway, Minquadale
      New Castle, DE 19720

5.    Cpl. H. J. Brown
      Newport Police Department
      226 N. James Street
      Newport, DE 19804

6.    Ofc. C. Dulin
      NCCPD
      3601 N. DuPont Highway
      New Castle, DE  19720

In addition, Defendant reserves the right to call as a witness any person listed by

Plaintiff.

(8)    A brief statement of what plaintiff intends to prove in support of plaintiff's claims including the details of the damages claimed, or of other relief sought, as of the date of preparation of the draft order.

Plaintiff Barbara Young and her husband Donald were returning home to New

Jersey after visiting Mr. Young's nephew. Barbara was driving their 1996 Oldsmobile

Cierra in a southern direction on James Street approaching the intersection to Justis

Street in the City of Newport. Defendant Catherine Shore was driving her 2000

Volkswagen Passat west on Justis Street approaching James Street. The collision of

the two vehicles took place on December 13, 2003 at 9:05 p.m. The intersection is

"blind" because of a Wilmington Trust bank on the corner the northeast corner of Justis and James Streets.

Based upon where the skid marks to Defendant Shore's Passat began and allowing for perception and reaction time, the Young car was out of sight behind the Wilmington Trust bank, when she decided to brake. Therefore, Defendant Shore applied her brakes for the red light at the intersection of Justis and James before the Young car was in her sight.

The Young vehicle was pushed into a pole on the southwest corner of the intersection. Donald Young suffered traumatic injuries from which he never recovered. Barbara Young suffered multiple blunt trauma, bilateral multiple fractured ribs, left massive hemothorax, right pleural effusion, traumatic shock, right distal radial fracture, scalp laceration, bilateral sacral ala fractures, right superior and inferior pubic rami fractures, left pubic symphysis fracture and right anterior wall acetabular fracture. She was hospitalized from December 13, 2003 until December 26, 2003 at Christiana Hospital.

Barbara Young's medical bills for treatment received because of the collision were $ 60355.65.

Kathryn Vitale is the daughter of Donald Young and Barbara Young. She and Barbara Young suffered mental anguish as a result of the death of Donald Young.

(9)     A brief statement of what the defendant intends to prove as a defense.

Defendant Shore expects to prove that she was carefully and cautiously operating her vehicle westbound on Justis Street when Plaintiff, who was driving southbound on James Street, failed to stop for a red light causing the vehicles to collide.

(10)    Statements by counter claimants or cross-claimants comparable to that required of plaintiff.

(11)    Any amendments to the pleadings desired by any party with a statement whether it is unopposed or objected to, and if objected to, the grounds therefore.

**Plaintiffs Statement**:

None.

**Defendants Statement**:

None.

(12)    The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement but those efforts were unsuccessful.

(13)    Any other matters which the parties deem appropriate.

**Plaintiffs Statement:**

**Defendants Statement:**

None.

**A.    Voir Dire Questions**

**B.    Jury Instructions**

(14)    This Order shall control the subsequent course of the action unless modified by the court to prevent manifest and justice.

## TRIAL TIME ESTIMATES

Trial is scheduled to begin

Estimated Number of Hours: The parties estimate the trial will take    hours.

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

**IT IS SO ORDERED**, this 8th day of March, 2007.

_____
**JOSEPH J. FARNAN, JR.**
**UNITED STATES DISTRICT JUDGE**

**WILLIAM W. ERHART, P.A.**

Dated: _____,2007                    __/S/ William W. Erhart_____
                                         **WILLIAM W. ERHART, ESQUIRE**
                                         800 King Street, Suite 302
                                         Wilmington, DE 19801
                                         Bar No. 2116
                                         (302) 651-0113
                                         Attorney for Barbara Young and Kathryn Vitale

**REGER RIZZO KAVULICH & DARNALL. LLP**

Dated: _____,2007                    _/S/ Arthur D. Kuhl_____
                                         **ARTHUR D. KUHL, ESQUIRE**
                                         1001 Jefferson Plaza, Suite 202
                                         Wilmington, DE 19801
                                         Bar No. 3405
                                         (302) 652-3611
                                         Attorneys for Counter-claim Defendant Barbara

Young

**FERRARA, HALEY, BEVIS & COLLINS**

Dated: _____,2007                 ___/S/ Louis F. Ferrara_____
                                      **LOUIS F. FERRARA, ESQUIRE**
                                      Ferrara, Haley, Bevis & Collins
                                      1716 Wawaset Street
                                      PO Box 188
                                      Wilmington, DE 19899-0188
                                      Bar No. 146
                                      (302) 656-7247
                                      Attorney for Defendant Catherine Shore