# JOINT PROPOSED JURY INSTRUCTIONS

**Table of Contents**

|  | **Page No.** |
|---|---|
| Province Of Court and Jury | 1 |
| Statements of Counsel | 2 |
| Burden Of Proof by A Preponderance of the Evidence | 3 |
| Duty to Maintain Proper Lookout | 4 |
| Control | 5 |
| Negligence as A Matter of Law | 6 |
| Title 21 *Del. C.* § 4176(a) | 7 |
| Title 21 *Del. C.* § 4176(b) | 8 |
| Unreasonable Speed | 9 |
| Proximate Cause | 10 |
| Damages - Personal Injury | 12 |
| Evidence: Direct, Indirect or Circumstantial | 14 |
| Credibility of Witnesses - Weighing Conflicting Testimony | 15 |
| Expert Testimony | 16 |
| Expert Opinion Must Be To A Reasonable Probability | 17 |
| Statements by Patient to Doctor - Subjective and Objective Symptoms | 18 |
| Objections - Rulings On Evidence | 19 |
| Deposition - Use As Evidence | 20 |
| Sympathy | 21 |
| Instructions to Be Considered As a Whole | 23 |
| Court Impartiality | 24 |
| Jury's Deliberations | 25 |

## PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and [are about to hear] the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions; It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not

allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the

public expect that you will carefully and impartially consider all the evidence in the case,

follow the law, and reach a just verdict, regardless of the consequences.

## <u>NATURE OF THE CASE</u>

In this case the plaintiff Barbara Young is suing for damages for pain and suffering she alleges resulted from a motor vehicle accident on December 13, 2003 at the intersection of James and Justis Streets in the City of Newport in New Castle County, Delaware. She alleges the defendant Catherine Shore was negligent and the proximate cause of her injuries based upon the law as I'm about to tell it to you.

Barbara Young and Kathryn Vitale allege that Catherine Shore was the cause of the death of Donald Young.

Catherine Shore denies that she was negligent and the proximate cause of the injuries to Barbara Young. She further contends that Barbara Young was herself negligent and the cause of her own injuries. These then are the contentions of the parties and you are to decide the case based upon the law as I will now explain it to you.

## <u>STATEMENTS OF COUNSEL</u>

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

## BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

## **NEGLIGENCE DEFINED**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent. The mere fact that an accident occurred isn't enough to establish negligence.

## NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE

Each party has alleged that the other was negligent in various ways, but a party does not have to be negligent in all these ways to be liable.  You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

## <u>NEGLIGENCE AS A MATTER OF LAW</u>

A person is also considered negligent if he or she violates a statute that has been enacted for people's safety.  The violation of identify statute is negligence as a matter of law. If you find that a party has violated the statute that I'm about to read to you, then you must conclude that a party was negligent.

## <u>NO DUTY TO ANTICIPATE NEGLIGENCE</u>

Nobody is required to anticipate someone else's negligence. A driver is allowed to assume that another person will not act negligently until he knows or should know that the other person is acting or is about to act negligently. Therefore, a driver is required to act reasonably and prudently under the circumstances of the particular situation.

## DUTY TO MAINTAIN PROPER LOOKOUT

Drivers have a duty to keep a proper lookout for their own safety. The duty to look implies the duty to see what is in plain view unless some reasonable explanation is offered. A person is negligent not to see what is plainly visible where there is nothing to obscure one's vision, because a person is not only required to look, but also to use the sense of sight in a careful and intelligent manner to see things that a person in the ordinary exercise of care and caution would see under the circumstances.

If you find that any party failed to maintain a proper lookout, you must find that party negligent.

## **CONTROL**

A driver must keep a vehicle under proper control. This means that the vehicle must be operated at such a speed and with such attention that the driver can stop with a reasonable degree of quickness or steer safely by objects or other vehicles on the highway, depending upon existing circumstances and the likelihood of danger to others.

Therefore, if you find that any party failed to exercise a proper degree of control over a motor vehicle, you must find that party negligent.

## TITLE 21 *DEL. C.* §4176(a)

Title 21 *Del. C.* §4176(a) reads in part as follows:

(a) No person shall drive any vehicle in willful or wanton disregard for the safety

of persons or property, and this offense shall be known as reckless driving.

### <u>TITLE 21 *DEL. C.* § 4176(a)</u>

Title 21 *Del. C.* § 4176(a) reads in part as follows:

(a)     Whoever operates a motor vehicle on a public highway in a careless or imprudent

manner, or without due regard for the road, weather and traffic conditions then

existing, shall be guilty of careless driving.

## TITLE 21 *DEL. C.* § 4176(b)

Title 21 *Del. C.* § 4176(b) reads in part as follows:

(b)     Whoever operates a motor vehicle on a public highway and who fails to give full time and attention to the operation of the motor vehicle, or whoever fails to maintain a proper lookout while operating the motor vehicle, shall be guilty of inattentive driving.

## UNREASONABLE SPEED

Title 21 *Del. C.* § 4168(a) reads in part as follows:

(a)    No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing.  In every event, speed shall be so controlled as may be necessary to avoid colliding with any . . . vehicle . . . on . . . the highway, in compliance with legal requirements and the duty of all persons to use due care.

## **COMPARATIVE NEGLIGENCE - SPECIAL VERDICT FORM**

Catherine Shore alleges that Barbara Young's negligence proximately caused the accident.  Negligence is negligence no matter who commits it.  When the plaintiff is negligent, we call it contributory negligence.  Under Delaware law, a plaintiff's contributory negligence doesn't mean that the plaintiff can't recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence.  Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of the accident and injuries, you must determine the degree of that negligence, expressed as a percentage, attributable to Barbara Young.  Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Barbara Young.  I will furnish you with a special-verdict form for this purpose.  If you find that Barbara Young's negligence is no more than half the total negligence, I will reduce the total amount of Barbara Young's damages by the percentage of her contributory negligence.  If you find that Barbara Young's negligence is more than half the total negligence, Barbara Young may not recover any damages.

## **DEFENDANTS ALLEGATIONS OF NEGLIGENCE**

I have read you instructions of negligence and specific charges on the various motor vehicle statutes which the Plaintiff alleges the defendant violated.  The defendant contends that the plaintiff was herself negligent and that negligence is called comparative or contributory negligence.  The same contentions of negligence and specific motor vehicle statutes also apply to the defendant's allegations of negligence against the plaintiff.

## **<u>PROXIMATE CAUSE</u>**

A party's negligence, by itself, is not enough to impose legal responsibility on that party.  Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an accident / injury.

## DAMAGES - PERSONAL INJURY

If you do not find that Barbara Young has sustained her burden of proof, the verdict must be for Catherine Shore.  If you do find that Barbara Young is entitled to recover for damages proximately caused by the accident/injury, you should consider the compensation to which she is entitled.

The purpose of a damages award in a civil lawsuit is just and reason compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Barbara Young, you should award to her the sum of money that in your judgment will fairly and reasonably compensate her for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)    compensation for pain and suffering that she has suffered to date;

 (2)    compensation for reasonable and necessary medical expenses that it is reasonably probable that Barbara Young incurred.

In evaluating pain and suffering, you may consider its mental as well as its physical

consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Barbara Young fully and adequately.

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## **EVIDENCE: DIRECT, INDIRECT OR CIRCUMSTANTIAL**

Generally speaking, there are two types of evidence from which a jury may properly find the facts. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## **EXPERT OPINION MUST BE TO A REASONABLE PROBABILITY**

You have heard experts being asked to give opinions based on a reasonable scientific, engineering, economic, etc. probability. In Delaware, an expert may not speculate about mere possibilities.  Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

**STATEMENTS BY PATIENT TO DOCTOR**

**- SUBJECTIVE AND OBJECTIVE SYMPTOMS -**

A doctor's opinion about a patient's condition may be based entirely on objective symptoms such as those revealed through observation, examination, tests or treatment. Or the opinion may be based entirely on subjective symptoms, revealed only through statements made by the patient. Or the opinion may be based on a combination of objective symptoms and subjective symptoms.

If a doctor has given any opinion based on subjective symptoms described by a patient, you may of course consider the accuracy of the patient's statements in weighing the doctor's opinion.

## <u>OBJECTIONS - RULINGS ON EVIDENCE</u>

Lawyers have a duty to object to evidence that they believe has not been properly offered.  You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have agreed with an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

## DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

## **SYMPATHY**

Your verdict must be based solely on the evidence in the case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

## <u>INSTRUCTIONS TO BE CONSIDERED AS A WHOLE</u>

I have read a number of instructions to you. The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point. You should consider these instructions as a whole, and you should not choose any one or more instructions and disregard the others. You must follow all the instructions that I have given you.

## **COURT IMPARTIALITY**

Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

## **JURY'S DELIBERATIONS**

How you conduct your deliberations is up to you. But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position. You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict. Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors. You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.