# WILLIAM W. ERHART, P.A.
Attorney at Law
800 King Street, Suite 302
Wilmington, DE 19801

*Telephone: (302) 651-0113*
*Facsimile: (302) 651-0331*

September 10, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Lock Box 27
Wilmington, DE 19801

  Re: Barbara Young, et. al. v. Catherine Shore
    <u>C.A. 05-822 (JJF)</u>

Dear Judge Farnan:

  I respond to Mr. Ferrara's letter of August 27, 2007. Although not directly, it appears Mr. Ferrara suggests our trial scheduled for October 15, 2007 be postponed. I concur in that request but for somewhat different reasons.

  Contrary to Mr. Ferrara's assertion, Plaintiff Barbara Young has not settled her case against Defendant. The Estate of Donald Young, which is the plaintiff in the State action, settled its case against Barbara Young prior to the filing of any action. Mrs. Young did not participate in that settlement in that she did not sign settlement documents on behalf of the estate nor is she a beneficiary of the estate. Mrs. Young is a defendant in the State action.

  The verdict in the State action is inconsistent with the facts in that this is an intersection collision and either Mrs. Young or the Defendant had to run a red light for the collision to occur. Therefore, the State jury's finding that neither Mrs. Young nor the Defendant were negligent is inconsistent.

  Notwithstanding the pending motion for new trial, there is issue preclusion with regard to the negligence of either Mrs. Young or the Defendant.

  The matter is complicated further because Plaintiff Kathryn Vitale is not a party to the State action and not in privity with any of the parties. She is entitled to have her case heard regardless of the outcome of the motion for new trial pending in State court.

  However, if Plaintiff Vitale proceeds at trial on October 15, 2007, there is a possibility that a second trial will be needed if a new trial is granted in State court, which given the

The Honorable Joseph J. Farnan, Jr.
September 10, 2007
Page 2 of 2

inconsistency of the verdict is likely. Therefore, to proceed on October 15th will likely result in another trial.

In order to conserve the resources of the Court and of the parties, the October 15th trial should be postponed. Since expert fees will soon be incurred and Ms. Vitale must make plans both to be absent from work and travel from Arizona, I respectfully ask the Court consider our request at its earliest convenience.

I discussed this request with Mr. Ferrara this morning and he concurs with my request.

I attach a form of order for your consideration.

Respectfully yours,

/s/ William W. Erhart
William W. Erhart

WWE:rb

Xc: Louis B. Ferrara, Esquire (via efile)
    Arthur D. Kuhl, Esquire (via efile)
    Ronald Hartnett, Esquire  (via efile)