dism'd, 289 N.Y. 624, 43 N.E.2d 840 (1942). See also Comment, Wrongful Death Damages, 44 N.C.L.Rev. 402 (1966). The idea of "trusteeship" advanced in Sea-Land Services, Inc. v. Gaudet, supra, goes too far, at least if established concepts of trusteeship are implied, because as trustee the plaintiff in the personal injury action would have to assert not only his own claim but that of his prospective beneficiaries, on penalty of precluding the latter if he did not. See §§ 36, 41, 42. A more practical adjustment is to require differentiation among the items of damage in the injured person's own action and, to the extent that does not clarify what is left for recovery by the beneficiaries, to limit the latter to items of damage not assertable in the personal injury action. See Blackwell v. American Film Co., 189 Cal. 689, 209 P. 999 (1922); Dougherty v. New Orleans Ry. & Light Co., 133 La. 993, 63 So. 493 (1913); cf. Billiot v. Sewart Seacraft, Inc., 382 F.2d 662 (5th Cir. 1967). This approach was advanced by the court below in *Gaudet*, see 463 F.2d 1331 (5th Cir. 1972), but was apparently rejected by the Supreme Court. See generally the analysis in Fleming, supra.

The problem of issue preclusion does not arise if a wholly "independent" action is allowed; there is no issue preclusion against the beneficiaries. See Kaiser Foundation Hospitals v. Superior Court, supra. The question can arise, however, when the beneficiaries may bring a "supplemental" action for wrongful death after the decedent has brought a personal injury action. If the decedent lost on the question of liability in his personal injury action, that determination is preclusive against the beneficiaries. If the decedent won, the beneficiaries can invoke issue preclusion in their favor under the rule of § 29. They are bound, however, by issues resolved adversely to the decedent, particularly determinations concerning the amount of damage he sustained. Their contentions as to damage must take the prior determination as an established premise. See Sea-Land Services, Inc. v. Gaudet, supra.

§ 47.  **Survival and Wrongful Death Actions Both Brought After Decedent's Death**

**When a person has been injured by an act which later causes his death and following his death separate actions are prosecuted, one under a survival statute and one under a death statute:**

**(1) A judgment for the plaintiff in either action precludes recovery in the second action of those elements**

of loss that could have been recovered in the first action; and

(2) A judgment against the plaintiff in the first action precludes any person who was a beneficiary of that action from being a beneficiary in the second action, unless the judgment was based on a defense that is unavailable against that beneficiary in the second action.

**Comment:**

　*a. Rationale.* When a person who has been injured dies without having settled or prosecuted his claim for injuries, under survival statutes the claim for his injuries survives in favor of his personal representative or other successor. If, as in most jurisdictions, an action for wrongful death has been created by law, the decedent's death simultaneously gives rise to a claim for wrongful death in favor of those who are his beneficiaries under the wrongful death act. See Comment *a* to Section 45.

　In many jurisdictions, the two actions can overlap. The parties plaintiff in the two actions may be different, for the surviving personal injury claim usually vests in the decedent's estate while the action for wrongful death usually rests in the decedent's next of kin. However, the actual beneficiaries of the two actions are often the same individuals. For example, a surviving spouse usually is a beneficiary of the decedent's estate and also a beneficiary in the wrongful death action. Although the measures of damages in the two actions are largely distinct, they are not entirely so. Thus, earnings lost by the decedent between the date of the injury and the date of death can sometimes be recovered in either the survival or the wrongful death action. The same is true of funeral expenses. The rules of res judicata governing the two actions are designed to eliminate both the possibility of double recovery of such losses and the possibility that a beneficiary can have two opportunities to recover for the same loss.

　In some jurisdictions, the two claims devolve to the same person, such as the decedent's administrator or executor. When this is the case, there is a single action to which the general rules of claim preclusion apply and the problem dealt with in this Section does not arise. In a few jurisdictions, two separate claims are recognized but rules of procedure require them to be

joined, with the result that conflicting outcomes between them are avoided. In many jurisdictions, however, the claims can devolve to differently designated persons and are not subject to a rule of compulsory joinder. When this is the case, questions can arise concerning the preclusive effect of one action on the other.

From a theoretical point of view, the problems can be analyzed as being the same as those involved when a personal injury action has been maintained by the decedent and then a wrongful death action is brought by his beneficiaries, for it is the personal injury claim that is asserted in the survival action. See § 46. From a practical viewpoint, however, the situation is somewhat different from that where the decedent previously sued for his injuries. When both actions follow death, the contingency of death has been resolved and its resolution eliminates any justification for a supplementary damages action. Moreover, the claims involved are only those of beneficiaries and not of the person himself, so that no problem of "trusteeship" by the injured party can arise. In principle, therefore, the rules of res judicata should be shaped to approximate the result that would follow if a single action were permitted.

   b. *First judgment in favor of beneficiaries.* If the action brought first results in judgment for the plaintiff, ordinarily the only issue that can remain is that of damages. Under the rule of § 29 the tortfeasor is ordinarily precluded from relitigating the question of his liability, unless a special defense is available that was not available in the other action, such as the contributory fault of the claimant. If the measures of damage in the two actions are mutually exclusive, the second action is limited to determining the additional damages recoverable therein and no question of preclusion against the beneficiaries arises. If the measures of damage overlap, the rule of Subsection (1) of this Section is operative. It makes the first action conclusive with respect to any item of damage that could have been recovered therein. This rule in effect makes whichever claimant first obtains judgment the representative of the beneficiaries of both actions for the purpose of recovering that item of damage.

**Illustrations:**

   1. H is killed in an automobile accident. W, his spouse, brings an action under a survival statute as his administrator

for his injuries and losses up to the time of his death. Judgment is for W. W then brings an action as H's surviving spouse under a wrongful death statute for her losses resulting from his death. W is precluded from recovering in the second action any items of damage that could have been recovered in the first action. The same rule would apply if the actions had been in reverse order.

2. Same facts as Illustration 1, except that C rather than W had been appointed H's administrator and brought the first action. W is precluded from recovering any items of damage that could have been recovered in the first action. The same rule would apply if the actions had been in reverse order.

c. *Preclusion against beneficiaries.* When the judgment in the first action is adverse to the plaintiff therein, the question is whether that judgment bars the other of the two actions. In deciding this question, the essential issue is whether the beneficiaries of the two actions are the same. If the beneficiaries are the same, it is immaterial that the nominal plaintiffs in the two actions are different. This result follows from the rule stated in §§ 41 and 42(2), that a person who is represented in an action may not relitigate claims or issues therein through the medium of another representative. See § 42, Illustration 13. If the beneficiaries of the two actions are not the same, however, anyone not a beneficiary of the first action is not precluded by the judgment therein. Such a person, by hypothesis, was neither a party nor represented by a party in the first action.

If there is partial identity of beneficiaries, the judgment in the first action is preclusive upon those who were beneficiaries therein. The fact that one or more beneficiaries are free to have their claims asserted in the second action is no reason to give other beneficiaries who were represented in the first action a second chance to prevail.

**Illustrations:**

3. H is killed in an automobile accident with D. W, his wife and sole beneficiary, brings an action under a survival statute as his administrator for his injuries and losses up to the time of his death. Judgment is for D on the ground that D was not liable. The judgment precludes an action by W as

§ 47    JUDGMENTS, SECOND    Ch. 4

H's surviving spouse under a wrongful death statute for her losses resulting from his death. The same rule would apply if the actions had been in reverse order.

4. Same facts as in Illustration 3, except that H leaves survivors both W and C, his child. The judgment for D in the first action does not preclude an action by W or by C asserting a claim for losses suffered by C as a result of H's death.

### REPORTER'S NOTE

(§ 92.2, Tent.Draft No. 3.) *Comments a and b.* This Section departs in certain respects from its counterpart, § 92(2) of the first Restatement. The first Restatement asserted that a favorable judgment in the survival or wrongful death action did not preclude the other action, on the assumption that the elements of recoverable damage in the two actions were wholly distinct. See first Restatement, § 92, Comment *c*. Although this is generally true, e.g., St. Louis, Iron Mountain & S. R. R. v. Craft, 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160 (1915); Runyon v. District of Columbia, 463 F.2d 1319 (D.C.Cir. 1972); Farrington v. Stoddard, 115 F.2d 96 (1st Cir. 1940); Flowers v. Marshall, 208 Kan. 900, 494 P.2d 1184 (1972), it is not invariably so. The problem of duplicate recovery is eliminated if the two claims are tried together, e.g., Murphy v. Martin Oil Co., 56 Ill.2d 423, 308 N.E.2d 583 (1974), or required to be asserted in the same action, e.g., Murray v. Philadelphia Transp. Co., 359 Pa. 69, 58 A.2d 323 (1948). See also 2 Harper & James, Law of Torts § 24.6 (1956). Where separate actions are brought, however, the rules of damages are often such that some of the same elements of loss are recoverable in either action. See, e.g., Plaza Express Co. v. Galloway, 365 Mo. 166, 280 S.W.2d 17 (1955) (allowing the tortfeasor to interplead the claimants in the two actions because each could have recovered certain elements of damage). The fact that an element of loss can be recovered in either action implies that the claimants in the respective actions are in effect representatives of the person or persons to whom the recovery should ultimately redound. Accordingly, a judgment for either of the representatives should preclude a subsequent action for the benefit of the ultimate beneficiary. See Landers v. B. F. Goodrich Co., 369 S.W.2d 33 (Tex. 1963); cf. Plaza Express Co. v. Galloway, supra.

*Comment c.* The general proposition that, if the beneficiaries of the two actions are the same, then an adverse judgment in the first action precludes the other action, is well established. See Chicago, R. I. & P. R. R. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); e.g., Deep Rock Oil Corp. v. Sheridan, 173 F.2d 186 (10th Cir. 1949); Cowan v. Pacific

Gamble Robinson Co., 232 F.Supp. 403 (D.Mont.1964). When the two sets of beneficiaries do not have identical membership, some authorities permit the second action to proceed for the benefit of everyone in its beneficiary group, even though some of them were in the beneficiary group in the first action. This position was expressed in the first Restatement, § 92(2)(b). The better rule would seem to be that the second action can pursue losses only on behalf of persons not in the beneficiary group in the first action. See Hill v. Colonial Enterprises, Inc., 219 So.2d 51 (Fla.App.1969), cert. discharged, 227 So.2d 481 (Fla.1969); Smith v. Wood, 115 Ga.App. 265, 154 S.E.2d 646 (1967).

## § 48. Actions for Losses Resulting from Personal Injury to Another Person

**(1) When a loss resulting from injury to a person may be recovered by either the injured person or another person:**

**(a) A judgment for or against the injured party has preclusive effects on any such other person's claim for the loss to the same extent as upon the injured person.**

**(b) A judgment for or against any such other person precludes recovery by or on behalf of the injured person of any loss that could have been recovered in the first action.**

**(2) When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.**

Comment:

*a. Rationale.* A wrongful act resulting in the injury to a person can give rise to losses that are recoverable by other individuals. Generally, the persons recognized by law as having such compensable losses have a family relationship to the injured party, but a de facto familial connection may sometimes suffice as well as a formally valid one. Whatever may be the