IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA YOUNG, and<br>KATHRYN VITALE, | )<br>)<br>) | C.A. NO.: 1:05-cv-822 (JJF) |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | TRIAL BY JURY DEMANDED |
| CATHERINE SHORE, | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANT,
BARBARA YOUNG'S, MOTION FOR SUMMARY JUDGMENT**

Counterclaim Defendant, Barbara Young (hereafter "Counterclaim Defendant Young"), by and through her undersigned counsel, hereby submits this Memorandum in Support of her Motion for Summary Judgment.

**FACTS**

Plaintiffs, Barbara Young and Kathryn Vitale (hereafter "Plaintiff Young" and "Plaintiff Vitale", respectively), filed the wrongful death suit against Defendant, Catherine Shore (hereafter "Defendant Shore"), as a result of a motor vehicle accident. On December 13, 2003, Plaintiff Young and Defendant Shore were driving their respective vehicles in the area of the intersection between James and Justis Streets in Newport, Delaware. Plaintiff Young had a passenger in her vehicle, her husband, Donald Young, who unfortunately died as a result of the injuries he sustained in the action in question. Both the Plaintiff Young vehicle and the Defendant Shore vehicle approached the intersection in question and believed they had the right of way as a result of the traffic signal controlling the intersection.

The estate of Donald Young filed suit in Delaware Superior Court, C.A. 05C-12-099 RRC upon the theory of a survival action on the part of the deceased, Mr. Young. The estate of Mr. Young filed suit against both Plaintiff Young and Defendant Shore. During the pendency of this case, the Estate resolved the portion of the case against Young, without the need for further litigation. The claims against Defendant Shore continued forward with trial scheduled in November 2007. In the underlying state case, Defendant Shore filed a cross-claim against Defendant Young, contending that the negligence of Defendant Young was the proximate cause of the injuries to the decedent, Donald Young.

After trial, the jury returned a verdict in which no negligence was found on either Defendant Young or Defendant Shore. The verdict sheet reflected that Defendant Young was *not* negligent. *See* Honorable Richard R. Cooch's Opinion for Plaintiff's Amended Motion for New Trial, January 24, 2008, attached hereto as Exhibit "A". As a result of the finding by the jury, counsel for the estate of Donald Young, filed a motion for a new trial. Said motion was denied by the Court on January 24, 2008. *See* Exhibit A. Counsel then filed an appeal with the Delaware Supreme Court. Decision from the Delaware Supreme Court has not been made at the time of this filing.

## **ARGUMENT**

I.   SUMMARY JUDGMENT STANDARD

Federal Rule 56(c) permits a Court to grant summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court holds that a court must enter summary judgment, "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's cause, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Carter, 477 U.S. 317, 322-23 (1986).

To obtain summary judgment, the moving party must demonstrate that he has met the standards of Rule 56(c). Carter v. Exxon Company USA, 177 F.3d 197, 202 (3d Cir. 1999). The summary judgment standard requires that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). Thus, only disputes that affect the outcome of a lawsuit will properly preclude the grant of summary judgment. *Id.*

II. RES JUDICATA PREVENTS THE PURSUIT OF A CLAIM WHICH HAS ALREADY BEEN DETERMINED BY THE JURY IN A STATE COURT ACTION

Defendant Shore has filed a counterclaim against Plaintiff Young, alleging negligence on the part of Plaintiff Young at the time of the accident. As a consequence of said negligence, the decedent, Donald Young, suffered injuries which ultimately resulted in his death. *See* Defendant Shore's Answer and Counterclaim, attached hereto as Exhibit "B". The same issue, whether Counterclaim Defendant Young was negligent in the accident in question, has already been addressed by the jury in the state court case. Specifically, the jury was asked, "Do you find that Defendant Barbara Young was negligent?", *See* Exhibit A. The same question is being presented in the case at bar.

Your Honor has indicated in past case law, the standard for Res Judicata as a defense in cases before the Court. In particular, Res Judicata "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." Anderson v. General Motors Corp., 2008 U.S. Dist. LEXIS 34625, *8 (*citing* United States

v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984)), a copy is attached hereto as Exhibit "C".

In the case at bar, there is a claim by Defendant Shore against Counterclaim Defendant Young, alleging negligence on the part of Counterclaim Defendant Young. The exact same issue, alleged negligence on the part of Defendant Young by Defendant Shore, was argued, presented and decided in the state court case. The case at bar deals with the exact same accident which was at issue in the underlying state court case. As the opinion by Judge Cooch indicated, the jury found that Defendant Young was not negligent in relation to the accident in question. Therefore, as the case law dictates, the case at bar has the same claim and the same parties, or their privies. The concept of Res Judicata is to prevent repeated litigation on the same claim. *See* Exhibit "C" at *9.

It is agreed by Counterclaim Defendant Young that the ultimate resolution of the underlying state court case is pending a ruling by the Delaware Supreme Court. However, the current scheduling order may not allow time for a decision. In the event the Delaware Supreme Court upholds the jury's verdict, then we will have a final judgment on the merits of a prior suit which includes the same claims and parties. In the alternative, if the Delaware Supreme Court overturns the jury's verdict, then we revert back to the status we experienced previously and the case at bar should be stayed.

## CONCLUSION

Counterclaim Defendant, Barbara Young, respectfully requests that Summary Judgment be entered in her favor and against Defendant, Catherine Shore, because of the doctrine of Res Judicata. In the event the Court wishes to withhold judgment until the Delaware Supreme Court has decided the underlying state court case, Counterclaim Defendant Barbara Young is willing to notify the Court

upon receiving confirmation of the decision of the Delaware Supreme Court. If the Delaware Supreme Court upholds the jury verdict, said doctrine of Res Judicata applies. If the jury verdict is overturned by the Supreme Court, Counterclaim Defendant Barbara Young respectfully requests this Honorable Court to place the case at bar in stay, just as it was previously situated.

        REGER RIZZO & DARNALL LLP

        */s/ Arthur D. Kuhl*
        Arthur D. Kuhl, Esquire
        Delaware State Bar I.D. No. 3405
        Ronald W. Hartnett, Jr., Esquire
        Delaware State Bar I.D. No. 4497
        1001 Jefferson Plaza, Suite 202
        Wilmington, DE 19801
        (302) 652-3611
        Attorney for Counterclaim Defendant Barbara Young

Dated: June 11, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA YOUNG, and<br>KATHRYN VITALE,<br><br> Plaintiffs,<br><br>v.<br><br>CATHERINE SHORE,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 1:05-cv-822 (JJF)<br><br><br><br>TRIAL BY JURY DEMANDED |

### ORDER

Upon consideration of Counterclaim Defendant, Barbara Young's, Motion for Summary Judgment and Memorandum in Support of Counterclaim Defendant Barbara Young's, Motion for Summary Judgment, and any responses thereto, it is hereby ORDERED that said Motion for Summary Judgment is GRANTED and the Counterclaim filed by Catherine Shore is DISMISSED with Prejudice on this _____ day of _____, 2008.

_____
The Honorable Joseph J. Farnan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA YOUNG, and<br>KATHRYN VITALE,<br><br>    Plaintiffs,<br><br>v.<br><br>CATHERINE SHORE,<br><br>    Defendant. | C.A. NO.: 1:05-cv-822 (JJF)<br><br>TRIAL BY JURY DEMANDED |

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify on this 11th day of June, 2008 that a true and correct copy of Counterclaim Plaintiff, Barbara Young's, Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment has been served electronically to the following:

| | |
|---|---|
| William W. Erhart, Esquire<br>William W. Erhart, P.A.<br>800 King Street, Suite 302<br>Wilmington, DE 19801 | Louis F. Ferrara, Esquire<br>Ferrara, Haley, Bevis & Collins<br>1716 Wawaset Street<br>P.O. Box 188<br>Wilmington, DE 19899-0188 |

                              REGER RIZZO & DARNALL LLP

                              */s/ Arthur D. Kuhl*
                              Arthur D. Kuhl, Esquire
                              Delaware State Bar I.D. No. 3405
                              Ronald W. Hartnett, Jr., Esquire
                              Delaware State Bar I.D. No. 4497
                              1001 Jefferson Plaza, Suite 202
                              Wilmington, DE 19801
                              (302) 652-3611
                              Attorney for Counterclaim Defendant Barbara Young

Dated: June 11, 2008