# EXHIBIT "A"



## SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
(302) 255-0664

Bruce L. Hudson, Esquire
The Law Office of Bruce L. Hudson
800 North King Street, Suite 302
Wilmington, Delaware 19801
Attorney for Plaintiff

Louis B. Ferrara, Esquire
Ferrara, Haley, Bevis & Collins
1716 Wawaset Street
P.O. Box 188
Wilmington, Delaware 19899-0188
Attorney for Defendant Catherine L. Shore

> Re: **Angelo Cuonzo Esq., Administrator Pendente Lite for the Estate of Donald A. Young v. Catherine L. Shore and Barbara P. Young**
> **C.A. No. 05C-12-099 RRC**
>
> Submitted: November 15, 2007
> Decided:   January 24, 2008
>
> On Plaintiff's Amended Motion for a New Trial.
> **DENIED**.

Dear Counsel:

Before the Court is Plaintiff's amended motion for new trial. Two cars collided in an intersection controlled by a traffic signal. There was no evidence that the traffic signal was malfunctioning. A passenger in one of the cars died as a result of the accident, and his estate brought a claim against both drivers involved in the accident. The jury found neither of the drivers negligent.

The chief issue is whether, as a matter of law, the jury could find neither defendant liable where both defendants agreed, and in fact argued to the jury, that one of the defendants had to have had a red light, and the other had to have had a green light. Additionally, the Court must determine whether photographs of the accident scene were properly excluded from evidence at trial because they had not been included in the pretrial stipulation.

The Court holds that 1) the jury validly could have found neither Defendant liable, and 2) that photographs of Defendant's car were properly excluded because they had not been identified as exhibits in the pretrial stipulation. Therefore, Plaintiff's amended motion for a new trial is **DENIED**.

## I.   FACTS AND PROCEDURAL HISTORY

This case arises out of a two-car automobile accident that occurred on December 13, 2003, in an intersection at James and Justis Streets in Newport, Delaware; this intersection was controlled by a traffic signal. Defendants Catherine L. Shore ("Defendant Shore") and Barbara P. Young ("Defendant Young") were the drivers of the two vehicles. Defendant Young's husband, Donald A. Young, a passenger in Defendant Young's vehicle, suffered serious injuries in the accident, which injuries ultimately resulted in his death approximately six months later.

A representative for Donald Young's estate ("Plaintiff") brought suit against both Defendants alleging negligence on behalf of the Defendants that resulted in Donald Young's death. Before the trial began, Defendant Young settled with Plaintiff on all of Plaintiff's claims against her. Defendant Shore brought a cross-claim against Defendant Young, asserting that Defendant Young's negligence was the proximate cause of the injuries to Donald Young.

In the pretrial stipulation Plaintiff identified the issue of fact remaining to be litigated as "[w]hether Defendant Catherine [Shore] was negligent"; Defendant Shore identified it as "[n]egligence on the part of Defendant Catherine Shore..."[1] Plaintiff stated that he expected to prove "Defendants were negligent and Defendants' negligence was the proximate cause of the accident and Plaintiff's injuries"; to which Defendant Shore's defense was that "Defendant Shore was not negligent."[2]

The main issue identified by the parties at trial was which of the Defendants had the red light at the intersection, and which, therefore, had

---

[1] Pretrial Stipulation, D.I. 30, ¶ 2, at 1-2.
[2] Id. ¶¶ 7-8, at 3.

been negligent in driving through the intersection. No party argued that the traffic light was malfunctioning at the time of the accident; all parties agreed that one of the Defendants had to have had the red light, and the other had to have had the green light.

Defendant Shore testified that her light was green as she entered the intersection. Further, the parties desired to and were allowed to inform the jury of the fact of a settlement agreement between Defendant Young and the Plaintiff. Defendant Shore's counsel Defendant Shore's counsel acknowledged in his opening statement, "Plaintiff's counsel said that I strongly agreed with him ... that they both couldn't have had the red. Barbara Young isn't here because Barbara Young settled her claim. She was never a plaintiff; she was only a defendant. And she settled her claim and she's not here. And only one of them could have had the green."[3]

Plaintiff presented evidence through a traffic reconstruction expert that Defendant Shore disregarded the red light. Plaintiff additionally focused on Defendant Shore's line of sight and her presumed ability to see Defendant Young's vehicle. Plaintiff presented testimony of Defendant Young and Kathryn Vitale, the Youngs' daughter, who both testified somewhat emotionally about their lives with Donald Young.

On the day of trial Plaintiff also sought to introduce photographs of Defendant Young's vehicle after it had been dismantled in order to extract the occupants. The court excluded these photographs because the photographs had not been identified as exhibits in the pretrial stipulation. The pretrial stipulation identified photographs of Defendant Shore's vehicle as Plaintiff's exhibits, but not photographs of Defendant Young's vehicle.[4]

After the close of the evidence, the trial court charged the jury with its instructions. The court gave the jury the standard jury instruction for a "Settling Co-Defendant," taken word for word from the pattern jury instructions, proffered by Plaintiff and agreed to by Defendant Shore. That instruction stated, in part:

> When this case began, the Estate of Donald Young alleged in the complaint that the joint negligence of Catherine Shore and Barbara Young was the proximate cause of Donald Young's injuries. Before this trial, Barbara Young reached a settlement with the Estate of Donald Young on all of its claims against her. Your deliberations, however, must determine whether Catherine Shore, Barbara Young, or both of them were negligent

---

[3] Trial Tr., at 22-23.
[4] Def. Shore's Opp'on to Pl. Am. Mot. for New Trial, Ex. F, ¶ 5.

3

and whether that negligence was the proximate cause of the injuries to Donald Young.

Catherine shore has asserted a cross-claim against Barbara Young, asserting that her negligence was the proximate cause of the injuries to Donald Young. You must determine whether either or both of Catherine Shore and Barbara Young were negligent, and whether that negligence proximately caused Donald Young's injuries. If you find that either one or both of the defendants were guilty of negligence and that negligence was a proximate cause of the injuries to Donald Young, you must then determine the amount of damages you should award to the Estate of Donald Young, to compensate it fairly and reasonably for the injuries.[5]

The jury was also given the following verdict sheet, also proffered by Plaintiff and agreed to by Defendant Shore, that stated, in part:

1. Do you find that Defendant Catherine L. Shore was negligent?
   ____ Yes     ____ No
2. Do you find that the negligence of Catherine L. Shore was a proximate cause of injury to Donald A. Young? If your answer to Question 1 was "NO," then the answer to this Question (2) must also be "NO."
   ____ Yes     ____ No
3. Do you find that Defendant Barbara Young was negligent?
   ____ Yes     ____ No
4. Do you find that the negligence of Barbara Young was a proximate cause of injury to Donald A. Young? If your answer to Question 3 was "NO," then the answer to this Question (4) must also be "NO."
   ____ Yes     ____ No

   If your answer is "NO" to <u>both</u> Question 2 and Question 4, call the Bailiff. If your answer is "YES" to either Question 2 or Question 4 or both, please go on to Question 5.[6] ...[7]

Soon into its deliberations, the jury sent a note to the court asking if it needed to answer question 3 (relating to Defendant Young's negligence) if it had already answered questions 1 and 2 (relating to Defendant Shore's negligence.) The parties and the court agreed that the court should instruct the jury to answer the remaining questions.[8]

After several more hours, the jury returned a verdict in favor of both Defendants, answering questions 1-4 all in the negative.

Plaintiff's amended motion for a new trial followed.

---

[5] Pl. Am. Mot. for a New Trial, Ex. D; DEL. P.J.I. CIV. § 22.19 (2000).

[6] Question 5 related to the apportionment of negligence, and Question 6 related to the amount of damages.

[7] Def. Shore's Opp'n to Pl. Am. Mot. for New Trial, at 1.

[8] Oral Arg. Tr., at 22 (November 26, 2007).

## II. CONTENTIONS OF THE PARTIES

Plaintiff contends that, as a matter of law, the jury had to have found one of the parties negligent. Plaintiff argues that

> [t]he jury's verdict that neither of the defendants was negligent is not reasonably based upon any of the evidence and clearly contrary to the great weight of evidence presented at trial. No reasonable juror could have reached a verdict finding that both drivers were not negligent when one of them clearly disregarded a red light.[9]

Plaintiff asserts that "[o]nly if the plaintiff did not meet the burden to prove that at least one of the defendants disregarded the red light could the jury render a verdict in favor of both defendants."[10] Plaintiff relies on the jury instruction, stating that the jury had to determine "whether Catherine Shore, Barbara Young, or both of them were negligent," as standing for the proposition that one of the Defendants had to be found negligent as a matter of law.[11] Plaintiff argues that it would "result in an injustice" to Plaintiff for the Court to allow the jury to find neither Defendant negligent, as that will mean that the non-negligent Plaintiff will have to bear the burden of the loss[12] (except to the extent of Defendant Young's settlement with Plaintiff.)

Furthermore, Plaintiff contends that the trial court erroneously excluded the post-accident photographs of Defendant Young's dismantled vehicle, maintaining that their probative value was not substantially outweighed by any unfair prejudice that might result in admitting them into evidence.

Defendant Shore contends that the jury could have reasonably reached its verdict, and states that there was "ample support for [its] verdict." Defendant Shore argues that the simplest explanation for the verdict is that the jury "concluded that the Plaintiff simply did not meet his burden of proof with regard to which driver had the light."[13] Defendant Shore further argues that

> [t]he jury could have concluded that their verdict was inconsequential as it related to the negligence of [Defendant] Young as she had already settled

---

[9] Pl. Am. Mot. for a New Trial, at 3.
[10] Id.
[11] Id. at 2-3.
[12] Pl. Response to Shore's Opp'n, at 2.
[13] Def. Shore's Opp'n to Pl. Am. Mot. for New Trial, at 3.

5

the case... The jury could have easily decided that as [Defendant] Young had already settled there was no need for them to impose upon her responsibility for the death of her husband....[14]

Defendant Shore contends that this is supported by the jury's apparent quick decision on questions 1 and 2 (as evidenced by its note to the court.)

Defendant Shore also contends that the photographs of Defendant Young's vehicle were properly excluded since they were not identified in the pretrial stipulation and since Plaintiff sought to introduce them on the day of trial.[15] Further, Defendant Shore argues that the photographs should not have been admitted in any event because "they did not accurately represent the vehicle post-impact."[16]

## III. STANDARD OF REVIEW

When reviewing a motion for new trial, the jury's verdict is entitled to "enormous deference."[17] This Court will not upset the verdict "unless 'the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result' or the Court is convinced that the jury disregarded applicable rules of law, or where the jury's verdict is tainted by legal error committed by the Court during the trial."[18]

## IV. DISCUSSION

### A. The Jury's Finding that Neither Defendant was Negligent is Legally Supportable.

It appears that no Delaware court has addressed this issue -- that being whether, in a two-car accident in an intersection controlled by an apparently working traffic signal, a jury can find neither driver negligent, even where both parties agree that one driver had the red light and the other driver had the green light. Cases from other jurisdictions are split on this issue, and

---

[14] *Id.* at 3-4.
[15] *Id.* at 4.
[16] *Id.*
[17] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).
[18] *Mitchell v. Haldar*, 2004 WL 1790121, at *3 (Del. Super.) (quoting *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1977)).

there is no clear majority.[19] Nonetheless, this Court holds that, as a matter of law, the jury could have found neither driver negligent, primarily based on the fact that the jury simply could have found that Plaintiff did not meet his burden of proof for finding either Defendant negligent.

The Court begins its analysis by noting that it is a fundamental principle that a plaintiff must bear the burden of proving its case by a preponderance of the evidence.[20] This Court's "Pattern Jury Instructions" explicate this concept as follows:

> In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.[21]

The jury was so instructed in this case.

In applying this principle to the present case, this Court holds that, as a matter of law, the jury could have found neither party negligent. It is clear from the above jury instruction that "a reasonable jury could [] have reached

---

[19] *See, e.g., Thodos v. Bland* 542 A.2d 1307, (Md. App. 1988) (holding, under similar facts (where a two car collision occurred at an intersection controlled by a traffic signal, and a passenger in one vehicle sued both drivers), that a trial court's refusal to grant plaintiff-passenger's motion for new trial was not an abuse of discretion); *LaCombe v. Murphy* 1998 WL 543817 (Mont.) (holding, under similar facts, that a jury's verdict in favor of both drivers was not inconsistent); *Dennard v. Green* 643 A.2d 422 (Md. 1994) (holding that, in an action by a passenger against both drivers in a two-car accident, at least one of those drivers need not be negligent as a matter of law). *But see Myers v. Gold* 419 A.2d 663 (Pa. Super. 1980) (holding, under similar facts, that the trial court abused its discretion in denying the plaintiffs motion for a new trial); *Banes v. Thompson* 352 So.2d 812 (Miss. 1977) (holding, under similar facts, that the trial court abused its discretion in denying plaintiff's motion for new trial); *Poche v. Frazier* 232 So.2d 851 La. App.1970) (holding, where a driver was hit from behind by another driver and was forced into the opposite lane, which caused an accident, that "each of the drivers [was] deemed guilty of negligence per se and the burden of proof falls upon each to exculpate himself from negligence proximately causing the injury to the third party,").

[20] *Interim Healthcare, Inc. v. Spherion Corp.* 884 A.2d 513, 545 (Del. Super. 2005).

[21] DEL. P.J.I. CIV. § 4.1 (2000).

the result"[22] since the jury could have found that the evidence was "evenly balanced" as to the liability of either party; that is, Plaintiff did not prove by a preponderance of the evidence that either party had the red light.[23]

Plaintiff asserts that "[n]o reasonable juror could have reached a verdict finding that both drivers were not negligent when one of them clearly disregarded a red light."[24] Plaintiff further claims that this is supported by the instruction given to the jury, stating that "[the jury's] deliberations, however, must determine whether Catherine Shore, Barbara Young, or both of them were negligent."

Plaintiff's assertion necessarily implies a burden shift to Defendants to prove which of them is liable for the injuries to Plaintiff. At times, such a burden shift is appropriate. For example, the California Supreme Court in the oft-cited case of *Summers v. Tice* shifted the burden of proof as to causation to two hunters who negligently fired their guns while hunting quail, where only one of them hit the injured plaintiff.[25] As the authors of the Restatement (Second) of Torts explain, "[w]here the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm."[26]

This case is distinguishable from such a situation, because "although there is an allegation that both defendants were negligent, there is no proof that more than one actually was; in fact, it is quite likely that the evidence in the case precluded a finding that both [D]efendants were negligent."[27] For this reason, Plaintiff "retained the burden of proof as to both the negligence of each [Defendant] and its causal relationship to her injuries."[28]

The instruction requiring the jury to "determine whether Catherine Shore, Barbara Young, or both of them were negligent" is ultimately

---

[22] *Storey*, 401 A.2d at 465.

[23] The Court notes Defendant Shore's speculation in her response to Plaintiff's Amended Motion for New Trial that the emotional testimony of Defendant Young and her daughter, and the jury's awareness that Defendant Young had already settled with Plaintiff, may well have led the jury spare Defendant Young of the pain of finding her negligent. This speculation supported by the jury's note, which came quickly after the jury started its deliberations, asking if it needed to reach questions 3 and 4 if it had already reached a decision on questions 1 and 2.

[24] Pl. Am. Mot. for a New Trial, at 3.

[25] *Summers v. Tice*, 199 P.2d 1 (Cal. 1948).

[26] Restatement (Second) of Torts § 433 B(3) (1979).

[27] *Thodos*, 542 A.2d at 716.

[28] *Id.* at 716-717.

consistent with the fundamental principle that a plaintiff has the burden of proving a plaintiff's case. Neither party requested that the jury be instructed that they had to find one of the Defendants negligent. In the pretrial stipulation both Defendant Shore and Plaintiff identified Defendant Shore's negligence as the issue of fact remaining to be litigated; the jury found that she was not negligent, which was consistent with the two parties' positions. Moreover, the verdict sheet, agreed to by both parties, clearly allowed the jury to find neither Defendant negligent.

Adding to the analysis the "enormous deference"[29] the Court is required to give a jury's verdict, the Court holds that Plaintiff has not met its burden as to this ground for its motion for a new trial.

### B.   The Photographs of Defendant Young's Vehicle were Properly Excluded.

A pretrial stipulation generally must identify the exhibits that are to be presented at trial; if they are not, it is within the discretion of the court to exclude them as evidence.[30] Delaware Superior Court Civil Rule 16(e) provides that a court may modify a pretrial order "to prevent manifest injustice." The standard for review is whether the trial court abused its discretion in refusing to modify the pretrial order.[31]

Plaintiff has not shown that the photographs had to be introduced to prevent "manifest injustice." Plaintiff maintains that the skid marks and the final resting place of the car, depicted in the photographs, are highly probative in that they show the speed of the vehicle and the severity of the collision.[32] However, Plaintiff presented the testimony of an accident investigator who testified about the accident scene, and who measured those same skid marks immediately after the accident.[33] Therefore, Plaintiff was able to present those same facts contained in the excluded photographs.

Defendant Shore was entitled to prepare her case with the understanding that the pretrial stipulation would bind the parties absent a modification needed to prevent "manifest injustice," which modification was not needed in this case. It would have been unjust for the Court to allow

---

[29] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).
[30] *See, e.g., ISI, Inc. v. Wilmington Housing Authority* 1998 WL 278365 (Del. Super.) (holding that a contractor could not recover damages for contracts it did not identify in the pretrial stipulation).
[31] *Id.* at 1064.
[32] Pl. Am. Mot. for a New Trial, at 4.
[33] Trial Tr., at 9-15.

Plaintiff to introduce the photographs on the day of trial when Defendant Shore would not have had (per her attorney's representation) adequate time to prepare for them. Thus, the court did not abuse its discretion when it excluded the contested photographs on the basis of Plaintiff's failure to have included them in the pretrial stipulation.[34]

## V. CONCLUSION

For the preceding reasons, Plaintiff's amended motion for a new trial is **DENIED**.

Very truly yours,

cc: Michael A. Pedicone, Esquire,
    Attorney for Defendant Barbara P. Young
oc: Prothonotary

---

[34] In light of this holding, the Court need not perform any "balancing test" under Delaware Rule of Evidence 403 as otherwise requested by Plaintiff.