# EXHIBIT "C"


**ROLAND C. ANDERSON, Plaintiff, v. GENERAL MOTORS CORP., Defendants.**

**Civil Action No. 05-877-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2008 U.S. Dist. LEXIS 34625*

**April 28, 2008, Decided**

**PRIOR HISTORY:** *Anderson v. GMC, 2007 U.S. Dist. LEXIS 38745 (D. Del., May 29, 2007)*

**COUNSEL:** [*1] Roland C. Anderson, Plaintiff, Pro se, Wilmington, DE.

For Defendant: Michael A. Williams, Esquire of LATHROP & GAGE L.C. of Kansas City, MO; Michael G. Busenkell, Esquire & Margaret F. England, Esquire of ECKERT SEAMANS CHERIN & MELLOTT, LLC of Wilmington, DE.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

**MEMORANDUM OPINION**

April 28, 2008

**Joseph J. Farnan, Jr., District Judge**

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Roland Anderson ("Mr. Anderson") and Defendant General Motors Corporation ("GM"). (Respectively, D.I. 80 & D.I. 79.) Plaintiff's paper entitled "Motion for Summary Judgment," (D.I. 80), is in fact a response to Defendant's Motion for Summary Judgment, and the Court will treat it as such. For the reasons discussed, Defendant's Motion will be granted.

**I. Background** [1]

> 1 The following background information is taken from the parties' submissions and does not constitute findings of fact. It is cast in the light most favorable to the non-movant. *Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)*.

On December 19, 2005, Plaintiff Roland Anderson, proceeding pro se, filed the present lawsuit against Defendant [*2] General Motors Corporation pursuant to Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e, et. seq*, alleging retaliation and discrimination on the basis of race and age. (C.A. 05-877-JJF, D.I. 2.) On October 30, 2006, Mr. Anderson filed a second complaint against GM pursuant to Title VII, again alleging race based discrimination and retaliation. (C.A. 06-669-JJF, D.I. 2). On February 22, 2007, the Court consolidated the cases into civil action number 05-877-JJF. (D.I. 11.)

By his December Complaint, Plaintiff contends that GM did not permit him to apply for employment in March of 2005, when they were hiring new employees. (D.I. 2.) Mr. Anderson alleges that in March of 2005, after calling GM's personnel department and inquiring into whether they were hiring, he was told by an unidentified female, "No. You all washed up." (D.I. 79, exh. 1., Anderson Dep. at pg. 30.) Mr. Anderson further alleges that in April of 2005, some uniformed GM employees, who Mr. Anderson did not know personally, told him "at the liquor store" that "some of their friends got hired." (Id., pg. 33-35.)

GM hired no new employees in its Wilmington facility in 2004, 2005, or 2006. (D.I. 79, Exh. 3.) It avers [*3] that it truthfully answered Mr. Anderson's telephone inquiry regarding new applications, and denies that any human resources employee told him he was "all washed up." (Id.)

Reading his December and October Complaints together, it appears that Mr. Anderson's retaliation contention is based on GM's denial of his right of recall benefits, stemming from allegedly false representations given at an Equal Employment Opportunity Commission ("EEOC") hearing in 1982. Mr. Anderson was an employee of GM between August 1981 and September 1981, and then again between June 1982 and October 1982. (Anderson Dep. at pg. 60-61.) Mr. Anderson filed complaints against GM alleging race-based discrimination with respect to his seniority status and recall rights with the EEOC in 1991 and 2002, and with this Court in 1992, 1998, 2002, and 2003. (D.I. 79, Exhs. 2, 5-7.) This Court either dismissed or entered summary judgment against all of Mr. Anderson's previous complaints. [2] (Id.) Mr. Anderson has received Social Security Disability Insurance ("SSDI") for emotional health issues, and thus has not been employed, since 1984 or 1985. (Anderson Dep. at pg. 23.)

   2  See, e.g., *Anderson v. General Motors Corp., et al.*, 2007 U.S. Dist. LEXIS 38745, 2004 WL 725208 (D. Del. March 29, 2004).

## II. [*4] Legal Standard

In pertinent part, *Rule 56(c) of the Federal Rules of Civil Procedure* provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 200 (3d Cir. 1995).

However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court [*5] should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id. at 151* (internal citations omitted).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (internal citations omitted). The mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## III. Discussion

A. Discriminatory Non-Hiring

When examining a Title VII claim alleging discriminatory [*6] treatment, a court must use the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). Under this analysis, a plaintiff must establish a prima facie case of discrimination by showing that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant, and the defendant must "articulate some legitimate, nondiscriminatory reason" for the treatment. *Id.* If the defendant produces a sufficient reason for its actions, the burden shifts back to the plaintiff to demonstrate that the defendant's reasons are merely a pretext for

discrimination. *Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)*. To meet this burden, the plaintiff must point to some evidence from which the "factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that [*7] an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000)*.

While Mr. Anderson unquestionably meets two of the McDonnell Douglas prongs, he is a member of a protected class and he was not hired, the Court concludes that he has not established a triable issue of fact on prongs two and four, whether he was "qualified" for employment and whether the "circumstances of the adverse employment action give rise to an inference of discrimination." Mr. Anderson has presented no evidence that he was qualified for or capable of employment at GM. Indeed, Mr. Anderson's receipt of SSDI since the mid-1980s casts doubt on his ability to work. Further, the Court concludes that the evidence proffered by Mr. Anderson is insufficient to support a reasonable inference of race or age-based discrimination. The alleged statement by an unidentified employee is insufficient to permit a jury to reasonably find that GM was hiring during the relevant time period, and in the absence of any hiring by GM, Mr. Anderson could not have been discriminated against by GM not hiring him. Accordingly, the [*8] Court concludes that Mr. Anderson has failed to establish a genuine issue of fact on two prongs of the prima facie case of discrimination.

B. Retaliation

By his Complaints, Mr. Anderson contends that GM retaliated against him by denying him appropriate seniority status and recall rights. The Court concludes that Mr. Anderson's retaliation claim, which has been litigated to final judgment on previous occasions, is prohibited by the doctrine of *res judicata*. Claim preclusion, the *res judicata* concept at issue here, "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984)* (citations omitted). The party asserting preclusion bears the burden of showing it applies. Id. GM has submitted past court docket sheets and opinions demonstrating that Mr. Anderson's seniority and recall claims against GM have been litigated to final judgment, and Mr. Anderson has not contended that his retaliation claim raises new matter. Mr Anderson, rather, focuses on the merits of his seniority and recall rights claim. In sum, the Court [*9] cannot reach the merits of Mr. Anderson's retaliation claim because it is precluded from doing so by the doctrine of *res judicata*, which prevents repeated litigation of the same claim. Accordingly, the Court will grant GM's Motion for Summary Judgment with respect to Mr. Anderson's retaliation claim.

C. Relief Requested by GM

By its Motion, GM contends that it entitled to the costs and fees associated with defending this action because Mr. Anderson's claims lack merit and are precluded. Further, GM requests the Court require Mr. Anderson seek permission from the Court prior to filing any new lawsuits against GM. Mr. Anderson has previously filed at least four claims in this Court that were substantially identical to his current retaliation claim. The Court finds that GM's request is reasonable in the circumstances presented here, and therefore, while not imposing sanctions, the Court will require Mr. Anderson to obtain written permission from the Court prior to filing any future employment-related claims against GM.

**IV. Conclusion**

For the reasons discussed, the Court concludes that Mr. Anderson has not established genuine issues of material fact sufficient to defeat summary judgment on [*10] his discrimination and retaliation claims. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

**ORDER**

At Wilmington, this 28 day of April 2008, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Defendant's Motion For Summary Judgment (D.I. 79) is **GRANTED;**

2. Plaintiff's Motion For Summary Judgment (D.I. 80) is **DENIED;**

3. Plaintiff shall obtain written permission from the Court prior to filing any new lawsuits against General Motors Corporation related to his employment with General Motors Corporation.

/s/ Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE