IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Barbara Young and Kathryn Vitale | : | Case No.: 05-822 JJF |
| Plaintiffs, | : | TRIAL BY JURY DEMANDED |
| v. | : | |
| Catherine Shore | : | |
| Defendant. | : | |

## DEFENDANT SHORE'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Shore hereby moves the Court to enter summary judgment in her favor. In support of her motion, defendant states as follows:

1. This suit states (1) plaintiff Barbara Young's personal injury claim (Counts I and II) and (2) plaintiff Young and plaintiff Kathryn Vitale's wrongful death claim (Count III) for damages arising out of a motor vehicle collision that plaintiffs allege was caused by defendant Catherine Shore on December 13, 2003. (Complaint attached at Exhibit "A".)

## STIPULATED FACTS

2. Defendant admits the time, place, and parties involved in the collision as described in the Complaint. (Exhibit "A")

3. At the time of the collision, plaintiff Barbara Young was operating her vehicle. Donald Young, the decedent, was a passenger in her vehicle. (Exhibit "A", paragraph 7)

4. Plaintiff Kathryn Vitale is the daughter of Barbara and Donald Young.

5. Defendant Shore was the operator of her vehicle at the time of the collision.

6. Donald Young died on June 5, 2004, approximately six months after the collision.

## PROCEDURAL BACKGROUND

7. On or about June 22, 2004, plaintiff Barbara R. Young opened decedent Donald Young's Estate in Morris County Surrogate's Court, New Jersey. (A copy of decedent's probated Will is attached hereto at Exhibit "B".)

8. Said Will identifies plaintiff Barbara Young as a beneficiary (Article V), and Plaintiff Kathryn Vitale as a beneficiary (Article V).

9. On or about December 10, 2005, the administrator of decedent Donald Young's estate filed a personal injury claim against Catherine Shore and Barbara Young (the operators of the two vehicles) in the Delaware Superior Court for decedent's personal injuries arising from the December 13, 2003 motor vehicle collision. (A copy of the Superior Court complaint is attached at Exhibit "C".) Defendant Shore filed a cross-claim against Defendant Young alleging that Young's negligence had caused the collision. Young denied same. (Shore's and Young's Superior Court pleadings are attached hereto at Exhibits "D" and "E" respectively.)

10. In June 2007, the Delaware Superior Court action was tried before a jury. The jury returned a verdict that defendant Catherine L. Shore was not negligent. (A copy of the Superior Court verdict sheet is attached at Exhibit "F".)

11. The question of which driver (Shore or Young) had negligently caused the collision was fully and fairly litigated in the Superior Court. Shore, Young, and other liability witnesses, including an expert reconstructionist, testified. (A copy of the trial transcript is attached at Exhibit "G".)

12. On February 12, 2008, the Superior Court judgment was appealed to the Delaware Supreme Court. Briefing is complete, but the Supreme Court has not yet disposed of the appeal.

## QUESTION PRESENTED

13. Does the Superior Court liability judgment in Catherine Shore's favor have collateral estoppel effect in the instant litigation?

## LAW AND ARGUMENT REGARDING PERSONAL INJURY CLAIM (COUNTS I & II)

14. Delaware law regarding res judicata and collateral estoppel is as follows:

> [1][2][3] Res judicata and collateral estoppel are often used interchangeably due to the fact that they are both doctrines of public policy designed to put an end to litigation once a party has had his day in court and a full opportunity to present his case. There are, however, significant distinctions between the two doctrines. Under the doctrine of res judicata, a judgment in a prior suit involving the same parties, or persons in privity with them, bars a second suit on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, a judgment in a prior suit does not operate to bar a subsequent cause of action but rather precludes in a subsequent suit on a different cause of action the relitigation of a factual issue which was litigated and decided in a prior suit between the same parties or persons in privity with them. See Tyndall v. Tyndall, Del. Supr., 238 A.2d 343 (1968).

Foltz v. Pullman, 319 A.2d 38, 40 (Del. Super. 1974). See also Columbia Cas. Co. v. Playtex FP, Inc., 584 A.2d 1214 (Del. 1991).

15. Barbara Young and Catherine Shore litigated the question of which driver was negligent in the Superior Court action. The jury was asked to apportion negligence between them. The jury returned a verdict that Catherine Shore was not negligent.

16. In light of the doctrine of collateral estoppel, Barbara Young may not relitigate the question of Shore's negligence in this action.

## LAW AND ARGUMENT REGARDING WRONGFUL DEATH CLAIM (COUNT III)

17. Restatement of Judgments, Second, § 47 states:

"§ 47. Survival and Wrongful Death Actions Both Brought After Decedent's Death

When a person has been injured by an act which later causes his death and following his death separate actions are prosecuted, one under a survival statue and one under a death statute:

(1) A judgment for the plaintiff in either action precludes recovery in the second action of those elements of loss that could have been recovered in the first action; and

(2) A judgment against the plaintiff in the first action precludes any person who was a beneficiary of that action from being a beneficiary in the second action, unless the judgment was based on a defense that is unavailable against that beneficiary in the second action.

18. Comment c to § 47 explains:

"c. *Preclusion against beneficiaries.* When the judgment in the first action is adverse to the plaintiff therein, the question is whether that judgment bars the other of the two actions. In deciding this question, the essential issue is whether the beneficiaries of the two actions are the same. If the beneficiaries are the same, it is immaterial that the nominal plaintiffs in the two actions are different. This result follows from the rule stated in §§ 41 and 42(2), that a person who is represented in an action may not relitigate claims or issues therein through the medium of another representative. See § 42, Illustration 13. If the beneficiaries of the two actions are not the same, however, anyone not a beneficiary of the first action is not precluded by the judgment therein. Such a person, by hypothesis, was neither a party nor represented by a party in the first action.

If there is partial identity of beneficiaries, the judgment in the first action is preclusive upon those who were beneficiaries therein. The fact that one or more beneficiaries are free to have their claims asserted in the second action is no reason to give other beneficiaries who were represented in the first action a second chance to prevail."

19. The "Reporter's Note" further explains "Comment c:"

"*Comment c.* The general proposition that, if the beneficiaries of the two actions are the same, then an adverse judgment in the first action precludes the other action, is well established. See Chicago, R. I. & P. R. R. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); e.g., Deep Rock Oil Corp. v. Sheridan, 173 F.2d 186 (10th Cir. 1949); Cowan v. Pacific § 92(2)(b). The better rule would seem to be that the second action can pursue losses only on behalf of persons not in the beneficiary group in the first action. See Hill v. Colonial Enterprises, Inc., 219 So.2d 51 (Fla.App.1969), cert. discharged, 227 So.2d 481 (Fla. 1969); Smith v. Wood, 115 Ga.App. 265, 154 S.E.2d 646 (1967)."

20. Both plaintiffs are beneficiaries of the Estate (Exhibit "B", Article V). Because the Estate lost the liability question in the Superior Court survival action, plaintiff beneficiaries of the Estate are precluded from relitigating that same liability question in the wrongful death action. Restatement of Judgments, Second, §47.

WHEREFORE, defendant Shore respectfully requests the Court to enter summary judgment in her favor on the personal injury claim and the wrongful death claim.

FERRARA, HALEY & COLLINS

/s/ Louis B. Ferrara
Louis B. Ferrara (I.D. #146)
1716 Wawaset Street
P.O. Box 188
Wilmington, DE  19899-0188
(302) 656-7247
(302) 656-8053
lferrara@ferraralaw.net
Attorney for Defendant Catherine Shore

Dated: June 13, 2008