**EXHIBIT B**

LAST WILL AND TESTAMENT


OF


DONALD A. YOUNG


DATED:    *March 31* , 1998


COOPER, ROSE & ENGLISH, LLP
480 Morris Avenue
Summit, New Jersey  07901-1527
(908) 273-1212

I, DONALD A. YOUNG, residing at 102 Clover Hill Road, Millington, Long Hill Township, New Jersey, 07946-1710, do make, publish and declare the following as my Last Will and Testament, hereby revoking all Wills and Codicils heretofore made by me.

## ARTICLE ONE

### Family Members

A.   I am presently married to BARBARA P. YOUNG.   All references to "my wife" herein shall be to her.

B.   I have one living child.   Her name is KATHRYN M. YOUNG-VITALE.

## ARTICLE TWO

### Tangible Personal Property

I devise all my tangible personal property to such person or persons and in such shares as I may designate in any written statement in my handwriting or signed by me in existence at the time of my death, but if I leave no such written statement, or to the extent that any such written statement fails to dispose of all such tangible personal property, I devise the same to my wife, BARBARA P. YOUNG, if she survives me.   If my wife does not survive me, then I devise such tangible personal property to my daughter, KATHRYN M. YOUNG-VITALE, if she survives me.

I direct that all expenses of safekeeping, insurance and distribution of any tangible personal property shall be proper administration expenses of my estate.

## ARTICLE THREE

### Charitable Bequest

I give and bequeath Two Hundred Twenty-Five (225) shares of stock in the H. J. Heinz Company, if owned by me at the time of my death, to THE UNIVERSITY OF DELAWARE, to be added to the Glenn Skinner Memorial Fund.

### ARTICLE FOUR

### Cash Legacies

I give and bequeath the following sums of money to such of the following persons as survive me:

(1) Fifteen Thousand Dollars ($15,000) to my great niece, ELIZABETH CHAMBERS, of Wilmington, Delaware, in trust, to be used for educational purposes or, if my said great niece is no longer in school, outright, after one (1) year of gainful employment. In the event the said ELIZABETH CHAMBERS shall predecease me, then I direct that her share become a part of my residuary estate.

(2) Fifteen Thousand Dollars ($15,000) to my great nephew, GRANT BAYNARD CHAMBERS, of Coral Springs, Florida, in trust, to be used for educational purposes or, if my said great nephew is no longer in school, outright, after one (1) year of gainful employment. In the event the said GRANT BAYNARD CHAMBERS shall predecease me, then I direct that his share become a part of my residuary estate.

(3) Fifteen Thousand Dollars ($15,000) to my great nephew, MARSHALL CLARK CHAMBERS, of Coral Springs, Florida,

in trust, to be used for educational purposes or, if my said great nephew is no longer in school, outright, after one (1) year of gainful employment. In the event the said MARSHALL CLARK CHAMBERS shall predecease me, then I direct that his share become a part of my residuary estate.

<u>ARTICLE FIVE</u>

<u>Balance of Unified Credit Exemption Amount</u>

I direct my executor to set aside an amount equal to the balance of my then available exemption from federal estate tax resulting from the unified credit available to my estate for federal estate tax purposes, reduced by the aggregate of the cash legacies payable under Article FOUR above, and that my executor then divide such amount into four (4) equal shares, which I give, devise and bequeath as follows:

(1) One (1) such share to my daughter, KATHRYN M. YOUNG-VITALE, but if she is not then living, to my son-in-law, MICHAEL J. VITALE, if he is then living.

(2) One (1) such share to my sister, DORIS A. CHAMBERS, but if she is not then living, in equal shares to my daughter, KATHRYN M. YOUNG-VITALE, and my nephews, MARSHALL B. CHAMBERS, JR., and DONALD B. CHAMBERS. If my sister survives me but elects to disclaim her legacy in whole or in part, the disclaimed portion shall pass equally to her sons, MARSHALL B. CHAMBERS, JR. and DONALD CHAMBERS.

*Day*

-3-

(3) One (1) such share to my nephew, MARSHALL B. CHAMBERS, JR., but if he is not then living, to his wife, DONNA T. CHAMBERS, but if she is not then living, to add the same to the trust for my great niece, ELIZABETH CHAMBERS, under Article FOUR (1) above.

(4) One (1) such share to my nephew, DONALD B. CHAMBERS, but if he is not then living, to his wife, MARIAN SIPLER, but if she is not then living, in equal shares to my great nephews, GRANT BAYNARD CHAMBERS and MARSHALL CLARK CHAMBERS, to be held in trust for them as provided in Article FOUR (2) and (3) above.

## ARTICLE SIX

## Residuary Estate

I devise all the rest, residue and remainder of my estate, real and personal, of whatsoever nature and wheresoever situate (my "residuary estate"), excluding however, any property over which I may have a power of appointment, as follows:

A. Marital (QTIP) Trust. If my wife survives me, I give and devise my residuary estate to the trustee hereinafter named, who shall hold the same in trust during the life of my wife, to invest and reinvest the same, collect the income therefrom and to pay to or apply to my wife's use all of the net income therefrom in quarterly or more convenient installments. Upon the death of my wife, or if she shall predecease me, upon my death, the executors or trustees shall pay, transfer and set over the principal of the then estate or trust fund, excluding any

-4-

accrued and undistributed income, as provided in paragraph B. below. Any accrued and undistributed income of this trust at the death of my wife shall pass to her estate.

B. <u>Remainder</u>. Upon the death of my wife, or if my wife shall predecease me, upon my death, the balance of the then trust fund or estate shall be distributed, in equal shares, as follows:

(1) One (1) such share to my daughter, KATHRYN M. YOUNG-VITALE, but if she is not then living, to my son-in-law, MICHAEL J. VITALE, if he is then living.

(2) One (1) such share to my sister, DORIS A. CHAMBERS, but if she is not then living, in equal shares to my daughter, KATHRYN M. YOUNG-VITALE, and my nephews, MARSHALL B. CHAMBERS, JR., and DONALD B. CHAMBERS. If my sister survives me but elects to disclaim her legacy in whole or in part, the disclaimed portion shall pass equally to her sons, MARSHALL B. CHAMBERS, JR. and DONALD CHAMBERS.

(3) One (1) such share to my nephew, MARSHALL B. CHAMBERS, JR., but if he is not then living, to his wife, DONNA T. CHAMBERS, but if she is not then living, to add the same to the trust for my great niece, ELIZABETH CHAMBERS, under Article FOUR (1) above.

(4) One (1) such share to my nephew, DONALD B. CHAMBERS, but if he is not then living, to his wife, MARIAN SIPLER, but if she is not then living, in equal shares to my great nephews, GRANT BAYNARD CHAMBERS and MARSHALL CLARK CHAMBERS, to be

held in trust for them as provided in Article FOUR (2) and (3) above.    If any of the above-named beneficiaries is not then living, the share of such deceased beneficiary shall be added pro-rata to such of the other above-named beneficiaries as are then living.

      C.   Encroachment on Principal.   Anything in the foregoing to the contrary notwithstanding, the trustee, including any successor trustee or trustees, is authorized:

      (1)  To pay to or apply to the use of my wife such sum or sums, out of the principal of the trust created by Paragraph A. of this Article, as the trustee shall determine to be necessary for her support and maintenance, and to meet any emergency of illness or accident which may befall her.

      (2)  In exercising the foregoing discretionary powers to pay to or apply principal to or for the use of my wife, the trustee may take into consideration or ignore any other assets and sources of income of my wife as are known to the trustee.

ARTICLE SEVEN

Minority Clause

      If any of the beneficiaries who take under this will shall be under age twenty-one (21) at the time title vests in him or her, I authorize my executors (who shall become my trustees for any minority trust created under this Article), in his or her absolute discretion:

      A.   To make payment or distribution of any property to which such beneficiary may be entitled to the parent, guardian or

-6-

other legal representative, wherever appointed, of such beneficiary, or to the person with whom such beneficiary resides, for the use and benefit of such beneficiary, or to any person designated as custodian under either the Uniform Gifts to Minors Act or the Uniform Transfers to Minors Act of the state in which I reside at the time of my death or the state in which such beneficiary resides, or to such beneficiary personally, and upon such payment or distribution of such property, my executor and trustee shall be relieved of all liability with respect thereto, the receipt of the payee or distributee to whom such property shall have been paid or distributed being a complete discharge therefor, even though my executor and trustee may be such payee or distributee;

B.   To retain any property to which such beneficiary may be entitled, and to manage, invest and reinvest the same and to pay to or apply such part or all of the net income therefrom and such part or all of the principal, as they may deem necessary or desirable, for the care, comfort, support, maintenance and education, of such beneficiary, and to accumulate any income not so paid or applied, until he or she attains the age of twenty-one (21) years or sooner dies, at which time I direct my executor and trustee to transfer and to pay over the then principal of the fund so held in trust for such beneficiary, and any such accumulated income, to him or to her, free of trust, but in the event of the death of such beneficiary before attaining the age of twenty-one (21) years, then, upon such death, to such persons as such

-7-

beneficiary may, by his or her Last Will and Testament, which shall specifically mention the power of appointment herein granted, appoint to receive the same, including an appointment in whole or in part to the estate of such deceased beneficiary, but in default of a valid appointment, in whole or in part, to the persons surviving such beneficiary who shall be entitled to his or her personal estate in accordance with the intestate laws of the State of my domicile at the time of my death.

### ARTICLE EIGHT

### Allocation of Death Taxes

All inheritance, estate, transfer, succession and similar taxes which shall become payable by reason of my death, and by virtue of the inclusion of any property, real, personal or mixed, in my taxable estate, including any interest and penalties, but exclusive of any tax imposed on any generation skipping transfer under Chapter 13 of the Code, shall be paid out of the bequest under Article FIVE, but if my wife predeceases me, out of my residuary estate; provided that any taxes imposed upon property included in my estate by reason of my possession of a general power of appointment shall be paid from such property.

### ARTICLE NINE

### Appointment of Fiduciaries

A.   Executors and Trustees.   I nominate and appoint my wife, BARBARA P. YOUNG as sole executor under this my will, and as sole trustee of any trusts created hereunder, but if she shall predecease me, fail to qualify or cease to serve in either

-8-

capacity, I nominate and appoint my nephew, MARSHALL B. CHAMBERS, JR. as such executor and/or trustee in her place. As used in this will, the terms "executor" and "trustee" shall mean the individual or individuals or corporation, or combination thereof, at the time in office, and shall be construed as singular or plural as the sense requires.

B. <u>Power to Designate Successor Fiduciaries</u>. I empower my executors and trustees acting from time to time to designate one or more individuals and/or a bank or trust company, whether such bank or trust company is located in the state in which my will is probated or otherwise, to act as a co-executor and/or co-trustee or to act as a successor executor and/or successor trustee in place of one or more of the individuals named herein, including the appointment of an independent fiduciary. Such designation shall be written, acknowledged and shall become effective upon filing the same in the office in which my will is probated. Any instrument appointing successor executors or successor trustees shall be revocable at any time prior to the qualification of the appointees by the individual executors or the individual trustees, as the case may be, at the time being in office, whether or not such executors or trustees shall have been the executors or trustees signing such instrument. In the event that the individual executors or the individual trustees, as the case may be, at any time in office, shall have executed more than one instrument appointing successor executors or successor

-9-

trustees, then the instrument which shall bear the most recent date and shall be unrevoked shall govern.

C. <u>Resignation of a Fiduciary</u>. A fiduciary acting under this will may resign at any time without prior court approval; such resignation shall be executed in duplicate counterparts, shall be acknowledged and shall become effective upon filing one counterpart in the office in which my will is probated and by delivering one counterpart to the other then acting co-fiduciaries, if any, and to those adult beneficiaries who would then be entitled to income or outright distribution of my residuary estate or the residuary trust. Such resignation shall become effective on the date specified therein but no sooner than thirty (30) days after the delivery of such resignation.

D. <u>Power to Remove and Substitute Corporate Fiduciary</u>. My wife shall have the continuing right from time to time to remove any corporate fiduciary acting hereunder, whether named by me or pursuant to the exercise of the power in paragraph B. hereunder, and to appoint as the successor thereto another trust company or bank organized under the laws of the United States or one of the states thereof. Such right of removal shall be continuing and shall be exercised by serving the then acting corporate fiduciary with written notice of its removal, which notice shall specify the successor corporate fiduciary and certify its willingness to serve as such. Should any successor corporate fiduciary appointed as hereinabove provided be a trust company or bank domiciled outside the state having jurisdiction over the

-10-

administration of my estate, such successor corporate fiduciary shall have full power and authority to remove the assets of the estate or trust to such domicile and thereafter, the administration of the estate and trust and the construction of this instrument shall be governed by the laws of the state of domicile of such successor corporate fiduciary.

   E. <u>Out of State Executors</u>.  In the event that it shall at any time become necessary to appoint executors to administer any assets of my estate, real or personal, which may be situated in any State other than the State of my domicile at the time of my death (hereinafter referred to as "foreign state") and any of the executors named herein, including any successors or successor, are not permitted to act by the laws of such foreign state:

   (1)  If one or more of the executors named herein is permitted to act by the laws of such foreign state, such person or persons shall be permitted to qualify and act in such foreign state, notwithstanding the fact that other persons named herein as executors shall be qualified and acting in the state of my domicile, and in the administration of any assets which may be subject to the jurisdiction of such foreign state, to exercise any and all of the powers granted to the executors by this, my will.

   (2)  In the event that none of said executors named herein is permitted to act in such foreign state, or if the laws of such foreign state require the appointment of a person resident therein as such executor, or if such executor who may be

-11-

permitted to act shall fail to qualify or cease to act, I authorize and empower the executors qualified and acting in the state of my domicile to designate and appoint one or more individuals, banks or trust companies to act as executor or as co-executor in such foreign state, without the giving of a bond or other security.

(3)  In the administration of any assets which may be subject to the jurisdiction of such foreign state, any such executors, including any designated executor shall be permitted to exercise any and all of the powers granted to the executors by law and by this, my will.

F.  <u>No Bond</u>.  I direct that no bond or other security shall be required in any jurisdiction of any executor, trustee or guardian acting under this will, whether named by me or designated as a successor pursuant to the exercise of any of the powers contained herein.

G.  <u>Definition  of  Independent  Fiduciary</u>.  An independent fiduciary shall mean all corporate fiduciaries and any individual fiduciary who has no beneficial interest, vested or contingent, in my estate or any trust created hereunder, except that an individual who has only a remote contingent beneficial interest may be an independent fiduciary.  A remote contingent beneficial interest is an interest which takes effect only if and when my wife and all of my issue die during the administration of my estate and/or all trusts created hereunder.

-12-

## ARTICLE TEN

## Administrative Powers of Fiduciaries

In addition to the other powers herein conferred and those given by law, my executors and trustees, and any successor or successors in office (hereinafter "fiduciaries"), without any order of court, may:

(a)  Retain any or all assets owned by me at the time of my death for such periods of time as they shall deem advisable, without regard to any principle of diversification and notwithstanding the same may be of a wasting nature;

(b)  Sell, assign, convey, mortgage, exchange, subdivide, partition, develop or lease for any term of years, any or all real or personal property or any interest therein owned by me or acquired by my estate, other than property specifically devised or bequeathed herein, in such manner, for such price and upon such conditions and terms as they may deem reasonable and appropriate, and execute and deliver all instruments necessary or proper in connection therewith;

(c)  Invest, keep the same invested and from time to time change the investment of and reinvest the whole or any portion of my estate in any form of investment, real or personal, without duty to diversify and without regard to the proportion of any one investment to the entire fund, and exercise all of the rights of ownership over any securities or other investments held by my estate;

(d)  Divide or make distribution of my estate entirely in kind or entirely in cash, or partly in each, and to the extent of distribution in kind, value or appraise any or all of the investments, securities or property of my estate as of the time of any such division or distribution, which valuation shall be binding upon all parties interested, and satisfy legacies with such assets and in such proportions as they may select, whether on a pro-rata basis or on a non-pro-rata basis, and without regard to differences in the tax basis of such assets, without being required to make compensating adjustments;

(e)  Cause any property at any time held by my estate to be registered in the name of a nominee or nominees;

(f)   Compromise, adjust, settle and pay, in their discretion, any and all taxes upon any and all present, future, expectant, executory or contingent estates;

(g)   Borrow money, including from any fiduciary hereunder, for purposes of administering the estate, without personal liability for such loans, extend or renew any existing indebtedness, and pledge or mortgage assets of the estate to secure such loans;

(h)   Employ such accountants, custodians, advisors, experts and counsel, legal or investment ("agents"), as they shall deem advisable and pay reasonable compensation to such agents out of the estate without reducing fiduciary commissions;

(i)   Merge any trust created hereunder with any other trust created by me or my spouse by will or inter vivos trust agreement, provided the beneficiaries and terms thereof are substantially the same;

(j)   Invest and reinvest the estate and trust funds, in whole or in part, in such common trust fund or funds as shall from time to time be maintained by any corporate fiduciary while acting hereunder;

(k)   Manage any real property in the same manner as if the absolute owner thereof, including, without limitation, the power from time to time to lease, or grant options to lease, any such real property for any period of time and although any such period may extend beyond the duration of any trust hereunder, with any provisions for renewals thereof, without application to any court; to enter into any covenants or agreements relating to the property so leased or to any improvements then or thereafter erected thereon; to insure against loss by fire or other casualty; and to make partition or enter into any agreements of partition of any real property which, or an interest in which, shall at any time constitute part of any trust hereunder, even though they or one of them may hold an interest in the same property in their or his own right or in some other capacity, and to give or receive money or other property for equality of partition;

(l)   Make ordinary and extraordinary repairs and alterations to any building, to raze old buildings, to erect new buildings and to make other improvements, to set up appropriate reserves out of income for repairs and modernization of any building, including reserves for

-14-

depreciation and obsolescence, to add such reserves to principal, and, in creating such reserves, to use the income from any assets of the estate or trust (other than those assets qualifying for the marital deduction) which holds the property with respect to which such reserve is being created; and, for the amortization of any mortgage on any such property, to use principal and/or income from any assets of the estate or trust (other than those assets qualifying for the marital deduction) in which such mortgaged property is held; in all such cases without thereafter making any adjustment between income and principal;

(m)    Generally exercise all such rights and powers, and to do all such acts, and to enter into all such agreements, as persons owning similar property in their own right might lawfully exercise, do or enter into;

(n)    Permit any person having an interest in the income of any trust hereby created to occupy any real property forming a part of any such trust, upon such terms as my trustees shall deem proper, whether rent free, or in consideration of the payment of taxes, insurance, maintenance and ordinary repairs, or otherwise;

(o)    In addition to and not in limitation of any law authorizing fiduciaries to act by a majority, I direct that ministerial duties of my executors and trustees (such as the signing of checks, execution of brokerage transactions relating to securities or commodities, and the like) may be exercised by any one executor or trustee.

<u>ARTICLE ELEVEN</u>

<u>Post-Mortem Tax Elections of Fiduciaries</u>

I authorize and empower my fiduciaries to exercise, in their sole and absolute discretion, any elections and options given to them by any provision of the Internal Revenue Code, and any other statute or regulation, state or federal, governing the administration of my estate and the trusts hereby created, including but not limited to the following:

(a)    <u>QTIP Election</u>.    To make an irrevocable election to treat any life income interest passing to my spouse under any provision of this will, in whole or in part, as qualifying for the federal estate tax marital

-15-

deduction in accordance with the provisions of §2056(b)(7) of the Internal Revenue Code, as it may be amended from time to time, or not to make any such election.

(b) <u>Deduction for Expenses</u>. To deduct all or any part of the expenses of administration of my estate for federal income tax purposes, regardless of the fact that the federal estate tax on my estate is thereby increased or that there is a change in the proportions in which various persons share in my estate.

(c) <u>Allocating Generation-Skipping Tax Exemption</u>. To exercise the power to allocate any exemption from the federal tax on generation-skipping transfers provided by I.R.C. §2631 et. seq. to any property with respect to which I am treated as the transferor, without regard to whether such property is part of my probate estate, and to exclude any such property from such allocation.

(d) <u>Division of Trusts for Inclusion Ratio Under Generation-Skipping Tax</u>. To divide any trust created hereunder into separate trusts in order that the inclusion ratio for federal generation-skipping tax purposes for one such trust shall be zero or one.

(e) <u>Allocation of Assets Between Marital Deduction Devise and Other Devises</u>. To the extent possible, for the purpose of funding the devises under this will (i) assets with respect to which the marital deduction is not allowable in the federal estate tax proceeding for my estate or with respect to which a credit for foreign death tax is allowable for such purposes shall not be allocated to any devise of my residuary estate; and (ii) assets representing income in respect of a decedent shall be allocated to my residuary estate.

If there are one or more fiduciaries acting at the time any such election is exercisable and one or more of such fiduciaries is a beneficiary of my estate and one or more of them are not beneficiaries, I direct that the power be exercisable solely by my independent fiduciary.

My fiduciaries shall have no liability for or obligation to make compensating adjustments between principal and income or in the interests of the beneficiaries by reason of

-16-

having made or not made any such election.  Any decision made by the fiduciaries in good faith with respect to the exercise or non-exercise of any such elections shall be binding and conclusive on all interested persons.

## ARTICLE TWELVE

### Non-Judicial Accounting

The executor and trustee may from time to time render an accounting of his or her administration of the estate or of the trusts hereby created to such person or persons as may then be entitled to receive the income of the estate or trusts, provided that such income beneficiaries are of full age and competent when such account is rendered.  Such current income beneficiaries shall have the power to settle finally any such accounting rendered to them, and on the basis of such accounting, to release and discharge the executor and trustee from all liability, responsibility or accountability for their acts or omissions as executor and/or trustee.  Any such settlement and release shall be binding upon all persons interested in either the income or principal of the estate or trust (including minors and unborn and unascertained beneficiaries) and shall have the force and effect of a final decree, judgment or order of a court of competent jurisdiction rendered in an appropriate action or proceeding for the judicial settlement of the executor's or trustee's accounting in which jurisdiction was obtained of all necessary and proper

-17-

parties.   The provisions of this Article, however, shall not preclude the executor or trustee from having their accounts judicially settled if they shall so desire.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 31 day of March , 1998.

_Donald C. Young_ (L.S.)
DONALD A. YOUNG

SIGNED, SEALED, PUBLISHED and DECLARED by the above-named Testator, as and for his Last Will and Testament before us who, at his request and in his presence and in the presence of each other have hereunto set our hands as witnesses, all this 31st day of March , 1998.

_____   residing at  ✓ Ross Ct.

_____ Madison NJ

Cathleen T. Butler   residing at  15 Black Birch Rd

_____ Scotch Plains, NJ

I, DONALD A. YOUNG, the Testator, sign my name to this instrument this 31st day of March , 1998, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my Last Will and that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am 18 years of age or older, of sound mind and under no constraint or undue influence.

_Donald C. Young_
DONALD A. YOUNG

-18-

JOSEPH E. IMBRIACO and CATHLEEN T. BUTLER , the witnesses, being first duly sworn, do each hereby declare to the undersigned authority that the Testator signs and executes this instrument as his Last Will and that he signs it willingly and that each of us states that in the presence and hearing of the Testator, we hereby sign this Will as witnesses to the Testator's signing, and that to the best of our knowledge the Testator is 18 years of age or older, of sound mind, and under no constraint or undue influence.

_____

_Cathleen T. Butler_

STATE OF NEW JERSEY )
                    ) SS.
COUNTY OF Union     )

     Subscribed, sworn to and acknowledged before me by DONALD A. YOUNG, the Testator, and subscribed and sworn to before me by JOSEPH E. IMBRIACO and CATHLEEN T. BUTLER witnesses, this 31st day of March , 1998.

_Patricia A. Murphy_

**PATRICIA A. MURPHY**
A Notary Public of New Jersey
My Commission Expires December 1, 2000

Doc. 127142_1

-19-