**EXHIBIT C**

RX Date/Time    MAY-25-2006(THU) 11:32
State Farm Ins    5/25/2006  11:54 AM    PAGE    P. 006
Case 1:05-cv-00822-JJF    Document 46-4    Filed 06/19/2008    Page 2 of 4

May. 25. 2006 10:11AM    No. 6961    P. 5

EFiled: Dec 12 2005 3:45PM EST
Transaction ID 7626053

h

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ANGELO CUONZO, ESQ., ADMINISTRATOR PENDENTE LITE FOR THE ESTATE OF DONALD A. YOUNG | ) Case No.: ) ) |
| | ) NON-ARBITRATION CASE ) |
| Plaintiff, | ) JURY TRIAL DEMANDED ) |
| v. | ) ) |
| CATHERINE L. SHORE AND BARBARA P. YOUNG | ) ) ) |
| Defendants. | ) |

## COMPLAINT

1.      Plaintiff ANGELO A CUONZO, is the Administrator pendente lite for the estate of Donald Young . He is a resident of the State of New Jersey, and his business address is 873 Meyersville Road, Gillette, NJ 07933-1007.

2.      DONALD A. YOUNG, was a passenger in the automobile being operated by his wife Barbara Young at the time of the motor vehicle accident on December 13, 2003 which is the subject matter of this complaint.

3.      Defendant CATHERINE L. SHORE (hereinafter referred to as "SHORE") is an individual who is a resident of the State of Delaware residing at 4906 Center Terrace, Wilmington, DE 19802.

4.      Defendant BARBARA P. YOUNG, (hereinafter referred to as "YOUNG") is a resident of the State of New Jersey residing at 102 Cloverhill Road, Millington NJ 07946.

5.      On or about December 13, 2003, at approximately 11:05 p.m., Donald Young was a passenger in the 1996 Oldsmobile operated by YOUNG who was driving southbound on James Street at the intersection of Justis Street, New Castle County, Delaware.

6.      On the same date and at the same time, SHORE was the operator of a Volkswagon Passat automobile and was driving eastbound on Justis Street at the intersection of James Street, New Castle Delaware.

7.      On the same date, time and intersection, the SHORE and YOUNG vehicles collided resulting in serious personal injury and the ultimate death of Donald Young on June 5, 2004.

Rx Date/Time · MAY-25-2006(THU) 11:32
State Farm Ins · Case 1:05-cv-00822-JJF 25 Document 46-4 AM Filed 06/13/2008 Pages 3 of 4 P. 007

May. 25. 2006 10:12AM                                    No. 6961  P. 6

## COUNT I- NEGLIGENCE OF DEFENDANT SHORE

8.   Paragraphs 1 through 7 are incorporated herein by reference.

9    The direct and proximate cause of the accident was the negligence of defendant SHORE, as follows:

    (a)  She failed to yield the right of way in violation of 21 Del. C. § 4132.

    (b)  She failed to give full time and attention to the operation of her vehicle in violation of 21 Del. C. § 4176(b), Inattentive Driving;

    (c)  She drove her vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del. C. § 4176(a);

    (d)  She violated her common law duty to maintain a proper lookout; and

    (e)  She failed to maintain proper control over the vehicle she was operating.

    (f)  She failed to obey a traffic control signal in violation of 21 Del. C. 4107 and 4108.

10.  As a result of SHORE's negligence, Donald Young suffered serious personal injuries which resulted in his death approximately 6 months later on June 5, 2004.

11.  As a further result of SHORE's negligence, Donald Young and/or his estate:

    (a) Suffered serious personal injuries requiring extensive medical treatment and hospitalization.

    (b) Incurred medical expenses .

    (c) Suffered physical and emotional pain until his death on June 5, 2004

    (d) Experienced an impaired lifestyle and enjoyment of life until his death on June 5, 2004.

    (e) Suffered a loss of income and other economic benefits.

    (f) Incurred funeral expenses.

     **WHEREFORE,** Plaintiff demands judgment against defendant SHORE for special and general damages incurred during Donald Young' survival following the December 13, 2003 accident, damages resulting from his wrongful death, pre-judgment interest, post-judgment interest and court costs.

## COUNT II- NEGLIGENCE OF YOUNG

12.. Paragraphs 1 through 11 are incorporated herein by reference.

13.  The direct and proximate cause of the accident was the negligence of defendant YOUNG, as follows:

RX Date/Time        May-25-2006(Thu) 11:52
State Farm Ins.      5/25/2006 11:54 AM    PAGE 06/012    Fax Server    P. 006
Case 1:05-cv-00822-JJF    Document 46-4    Filed 06/13/2008    Page 4 of 4

May. 25. 2006 10:12AM                                    No. 6961    P. 7

(a) She failed to yield the right of way in violation of 21 <u>Del. C.</u> § 4132.

(b) She failed to give full time and attention to the operation of her vehicle in violation of 21 <u>Del. C.</u> § 4176(b), Inattentive Driving;

(c) She drove her vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 <u>Del. C.</u> § 4176(a);

(d) She violated her common law duty to maintain a proper lookout; and

(e) She failed to maintain proper control over the vehicle she was operating.

(f) She failed to obey a traffic control signal in violation of 21 Del. C. 4107 and 4108.

14.  As a result of YOUNG's negligence, Donald Young suffered serious personal injuries which resulted in his death approximately 6 months later on June 5, 2004.

15.  As a further result of YOUNG's negligence, Donald Young and/or his estate:

(a) Suffered serious personal injuries requiring extensive medical treatment and hospitalization.

(b) Incurred medical expenses .

(c) Suffered physical and emotional pain until his death on June 5, 2004

(d) Experienced an impaired lifestyle and enjoyment of life until his death on June 5, 2004.

(e) Suffered a loss of income and other economic benefits.

(f) Incurred funeral expenses.

**WHEREFORE**, Plaintiff demands judgment against defendant YOUNG for special and general damages incurred during Donald Young' survival following the December 13, 2003 accident, damages resulting from his wrongful death, pre-judgment interest, post-judgment interest and court costs.

Submitted this 10th day of December, 2005.

*Bruce L. Hudson*

Bruce L. Hudson, Esq.
Bar Number 1003
800 King St., Suite 302
Wilmington, DE 19801
(302) 656-9850
Attorney for Plaintiff