**EXHIBIT D**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ANGELO CUONZO, ESQ., ADMINISTRATOR PENDENTE LITE FOR THE ESTATE OF DONALD A. YOUNG,<br><br>        Plaintiff,<br><br>   v.<br><br>CATHERINE L. SHORE AND BARBARA P. YOUNG,<br><br>        Defendants. | C.A. No.:  05C-12-099 RRC<br><br>NON-ARBITRATION CASE<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

**DEFENDANT CATHERINE L. SHORE'S ANSWER TO COMPLAINT WITH CROSS-CLAIM**

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted as to date and time and that Shore was the operator of a Volkswagon Passat automobile. Denied as to direction of travel. Shore was driving westbound on Justis Street.

7. Admitted as to date, time, intersection and collision of the Shore and Young vehicles. Answering Defendant is without sufficient knowledge to respond to the balance of the averments contained in this paragraph.

## COUNT I – NEGLIGENCE OF DEFENDANT SHORE

8. Paragraphs 1 through 7 are incorporated herein by reference.

9. (a – f) Denied. Denied specifically as to negligence and causation.

10. Denied. Denied specifically as to negligence and causation.

11. (a – f) Denied. Denied specifically as to negligence and causation.

## COUNT II – NEGLIGENCE OF YOUNG

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. No response required by Answering Defendant.

14. No response required by Answering Defendant.

15. No response required by Answering Defendant.

## AFFIRMATIVE DEFENSES

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Plaintiff's conscious pain and suffering, if any, were not caused by this accident.

18. Plaintiff's injuries, if any, were not caused by this accident.

19. Plaintiff's death was not caused by this accident.

20. Other affirmative defenses as may come to light through the discovery process.

WHEREFORE, Defendant, Catherine Shore, demands that the Complaint against her be dismissed with prejudice and that judgment be entered in her favor and against Plaintiff, together with fees, costs and such other relief as the Court may deem appropriate.

## CROSS-CLAIM FOR CONTRIBUTION AND/OR IDEMNIFICATION

21.     Paragraphs 1 through 20 are incorporated herein by reference.

22.     The aforesaid accident was proximately caused by the negligent conduct of Co-Defendant Barbara Young, in that she:

(a)     failed to adhere to the red traffic control signal that faced her as she proceeded on James Street in violation of 21 *Del. C.* §4107(a) and §4108(a)(1);

(b)     failed to comply with a traffic control signal, namely, a red light, in violation of 21 *Del. C.* §4108(a)(3)(a);

(c)     drove her vehicle in willful and wanton disregard for the safety of persons and property, in violation of 21 *Del. C.* §4175(a);

(d)     drove her vehicle in a careless, imprudent or inattentive manner, in violation of 21 *Del. C.* §4176(a);

(e)     failed to keep a proper lookout while operating her vehicle in violation of 21 *Del. C.* §4176(b).

23.     Answering Defendant Catherine L. Shore denies that she has any liability whatsoever to Plaintiff. However, if this Answering Defendant is held liable to answer to the Plaintiff under the allegations against her in the Complaint, then this Answering Defendant is entitled to contribution in any amount which she may be required to pay to Plaintiff as a result of Co-Defendant Barbara P. Young's wrongful acts based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 *Del. C.* §6301, *et seq.*

WHEREFORE, Defendant Catherine L. Shore demands that the Complaint against her be dismissed with costs assessed against Plaintiff, or in the alternative, judgment on the Cross-Claim against Co-Defendant Barbara P. Young.

FERRARA, HALEY, BEVIS & COLLINS

/s/ Louis B. Ferrara
Louis B. Ferrara (I.D. #146)
1716 Wawaset Street
P.O. Box 188
Wilmington, DE  19899
(302) 656-7247
Attorney for Defendant Catherine L. Shore

Dated:  June 14, 2006