IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Barbara Young<br>and Kathryn Vitale | : :<br>: | Case No.: 05-822JJF |
| Plaintiffs, | : : : | |
| v. | : : | |
| Catherine Shore | : : | |
| Defendant. | : | |

RESPONSE OF PLAINTIFFS TO DEFENDANT SHORE'S MOTION FOR SUMMARY JUDGMENT

This is Plaintiffs' response to Defendant Shore's Motion for Summary Judgment

FACTUAL STATEMENT

1. Pursuant to the Pre-trial order, the following relevant facts have been stipulated:

A. The collision occurred on December 13, 2003 at approximately 9:05 p.m.

B. The collision occurred at the intersection of James and Justis Streets in the City of Newport, Delaware

C. Barbara Young was driving a 1996 Oldsmobile Cierra at the time.

D. Donald Young was a passenger in the front passenger seat of the 1996 Oldsmobile Cierra.

E. Catherine Shore was driving a 2000 Volkswagen Passat at the time.

F. The Young vehicle was traveling south on James Street approaching the intersection with Justis Street.

G. The Shore vehicle was traveling west on Justis Street approaching the intersection with James Street.

H. Donald Young died as a result of the December 13, 2003 collision and trauma.

PROCEDURE

2. As noted in Plaintiffs' status letter to the Court of April 9, 2008, preclusion applies to Barbara Young.

3. Summary judgment must be based upon admissible evidence. The copy of what purports to be Donald A. Young's Last Will and Testament attached to Defendant Shore's motion as Exhibit "B" is neither sworn nor certified as required under the Federal Rules. *Fed. R. Civ. P. 56(e)(2)*.

QUESTION PRESENTED

4. Does the lack of privity between Kathryn Vitale and all parties to the Superior Court action make claim preclusion inapplicable in the instant litigation?

LAW AND ARGUMENT

5. With respect to claim preclusion, the decisions of state courts are given preclusive effect in later actions in federal court. *See 28 U.S.C. § 1738*. Dismissal of an action under a claim preclusion defense requires "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Mohammed v. May Dep't Stores, Co.*, 273 F. Supp. 2d 531, 534 (D. Del. 2003) (quoting *Equal Employment Opportunity Commission v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)).

6. As Judge Stapleton noted in *Rixon Inc., v. Racal-Milgo, Inc.*, 551 F. Supp. 163, 168 (D. Del. 1982):

> Unfortunately, "privity" itself is an ambiguous and protean term; binding a non-party by finding it in privity with a party to a prior action amounts to little more than proof of assertion. As Judge Goodrich wrote, concurring in *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.), *cert. denied*, 340 U.S. 865, 95 L. Ed. 632, 71 S. Ct. 87 (1950):
>
> Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.

Despite the difficulty in defining privity, the *Restatement (Second) of Judgments*, generally followed by

both this Court and Delaware State courts, does not include the relationship of a child to a parent's estate as one of privity.

7.  The general rule set out in *Mohammed v. May Dep't Stores is* "A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party." *Mohammed at 535 (quoting Restatement (Second) of Judgments §41(1) (1982))*. Defendant Shore relies on this standard in attempting to apply *Section 47, comment c of the Restatement (Second) of Judgments*: "The fact that one or more beneficiaries are free to have their claims asserted in the second action is no reason to give other beneficiaries *who were represented in the first action* a second chance to prevail."[1] *Restatement (Second) of Judgments §47, cmt. c (1982) (emphasis added)*.

8.  But *Restatement (Second) of Judgments §42* provides an exception to the general rule of representation where "[t]he subject matter of the action was not within the interests of the represented persons that the party is responsible for protecting...." *Restatement (Second) of Judgments §42(1)(b) (1982)*. This exception is contemplated in section 47, comment c, illustrations 3 and 4 of the *Restatement (Second) of Judgments*:

> Illustrations:
>
>   3. H is killed in an automobile accident with D. W, his wife and sole beneficiary, brings an action under a survival statute as his administrator his injuries and losses up to the time of his death. Judgment is for D on the ground that D was not liable. The judgment precludes an action by W as H's surviving spouse under a wrongful death statute for her losses resulting from

---

1   The Reporter's Note to comment c further explains this general rule of representation:
    *Comment c*. The general proposition that, if the beneficiaries of the two actions are the same, then an adverse judgment in the first action precludes the other action, is well established. *See Chicago, R. I. & P. R. R. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); e.g., Deep Rock Oil Corp. v. Sheridan, 173 F.2d 186 (10th Cir. 1949); Cowan v. Pacific Gamble Robinson Co., 232 F.Supp. 403 (D.Mont.1964)*. When the two sets of beneficiaries do not have identical membership, some authorities permit the second action to proceed for the benefit of everyone in its beneficiary group, even though some of them were in the beneficiary group in the first action. This position was expressed in the first Restatement, § 92(2)(b). The better rule would seem to be that the second action can pursue losses only on behalf of persons not in the beneficiary group in the first action. *See Hill v. Colonial Enterprises, Inc., 219 So.2d 51 (Fla.App.1969), cert. discharged, 227 So.2d 481 (Fla.1969); Smith v. Wood, 115 Ga.App. 265, 154 S.E.2d 646 (1967)*.
    *Reporter's note Restatement (Second) of Judgments §47, cmt. c (1982)* (emphasis represents the portion of comment c omitted from the citation in Defendant Shore's Motion for Summary Judgment).

his death.  The same rule would apply if the action had been in reverse order.

       4.   Same facts as in Illustration 3, except that H leaves survivors both W and C, his child. The judgment for D in the first action does not preclude an action by W or by C asserting a claim for losses suffered by C as a result of H's death.

*Restatement (Second) of Judgments  §47, cmt. c, illus. 1 (1982)*.

   9.     Kathryn Vitale is the child in *Restatement §47* and not in privity with the parties to the Superior Court case.

   10.    Relying upon *Restatement (Second) of Judgments* § 62 Delaware courts have held

> Haphazard use of the term "privity" can lead to improper findings of preclusion. This is so because the term, except in reference to specific legal relationships, "is so amorphous that it often operates as a conclusion rather than an explanation."  In the preclusion analysis, even a legal relationship such as husband and wife "does not [alone] justify imposing preclusion on one of them on the basis of a judgment affecting the other." Rather, "preclusion can properly be imposed when the claimant's conduct induces the opposing party reasonably to suppose that the litigation will firmly stabilize the latter's legal obligations." *Kohls v. Kenetech Corp.*, 791 A.2d 763, 769 (Del. Ch. 2000) (footnotes omitted).

Kathryn Vitale cannot be bound in a case where she was not a party and not in a special relationship to the parties, by virtue of being named in a Will. There is no evidence that she even inherited from the decedent in the State case, or otherwise benefited. She engaged in no conduct that caused the Defendant to suppose that her legal obligations would be established by the State court action.

## CONCLUSION

Defendant Shore's Motion for Summary Judgment must be denied because Kathryn Vitale is not in privity with the parties in the State court action.

Respectfully submitted,

William W. Erhart, P.A.

By: /s/William W. Erhart
William W. Erhart, Esquire, #2116
800 King Street, Suite 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (facsimile)
Erhart@erhartlaw.com
Attorney for Plaintiffs

Dated: June 27, 2008