IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Barbara Young<br>and Kathryn Vitale | : | |
| | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 1:05-cv-822 (JJF) |
| | : | |
| v. | : | |
| | : | |
| Catherine Shore | : | |
| | : | |
| Defendant/Counter-Claimant | : | |
| | : | |
| v. | : | |
| | : | |
| Barbara Young | : | |
| | : | |
| Counter-Defendant | : | |

PLAINTIFF KATHRYN VITALE'S MOTION TO STRIKE

Plaintiff Kathryn Vitale hereby moves the Court to strike Defendant Shore's Reply based on the following:

1.      Plaintiff's Answering Brief (D.I. 49) to Defendant Shore's Motion for Summary Judgment asserted that Defendant Shore's Motion for Summary Judgment (D.I. 46) fails to comply with *Fed. R. Civ. P. 56(e)(2)*.  The copy of what Defendant Shore purports to be Donald A. Young's Last Will and Testament, attached to Defendant's motion as Exhibit "B," is neither sworn to nor certified as required under the Federal Rules.

2.      Defendant Shore's Reply (D.I. 51) attempts to cure this defect by suggesting that Barbara Young "review and advise whether she acknowledges probating this Will." Defendant Shore's Reply attaches a letter from her attorney to Plaintiffs' counsel that included what is claimed to be the entire New Jersey probate file of Donald A. Young. Once again, these documents are neither certified nor verified. The file is approximately two inches thick.

3.      As noted in Plaintiffs' status letter to the Court of April 9, 2008, as well as the two motions for Summary Judgments, preclusion applies to Barbara Young leaving Kathryn Vitale as the sole party for whom the evidentiary defect remains relevant.

4.      Plaintiffs' Answer to Defendant Shore's Motion for Summary Judgment demonstrates that Kathryn Vitale is not in privity with the parties in the State court action despite her being a beneficiary of the Estate of Donald Young.  Katryn Vitale's lack of privity is dispositive because claim preclusion cannot apply in a case where Ms. Vitale was not a party and not in a special relationship to the parties.

5.      Kathryn Vitale, who lives in Arizona, has no duty to review Donald A. Young's probate file in New Jersey because her lack of privity is dispositive regardless of whether or not the defect in Defendant Shore's Motion can be cured.

Defendant Shore's Reply Brief should be stricken based on the above considerations.

Respectfully submitted,

WILLIAM W. ERHART, P.A.

By:     /s/ William W. Erhart
        William W. Erhart, Esquire, #2116
        800 King Street, Suite 302
        Wilmington, DE 19801
        (302) 651-0113
        (302) 651-0331 (facsimile)
        Erhart@erhartlaw.com
        Attorney for Plaintiffs

Dated: July 24, 2008