IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA YOUNG and KATHRYN VITALE, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 05-822-JJF |
| | : | |
| CATHERINE SHORE, | : | |
| | : | |
| Defendant. | : | |

Arthur D. Kuhl, Esquire and Ronald W. Harnett, Jr., Esquire of REGER RIZZO & DARNALL LLP, Wilmington, Delaware. Attorneys for Plaintiffs.

Louis B. Ferrara, Esquire of FERRARA, HALEY & COLLINS, Wilmington, Delaware. Attorney for Defendant.

**MEMORANDUM OPINION**

December 1, 2008
Wilmington, Delaware.

Joseph J. Farnan
**Farnan, District Judge.**

Pending before the Court are three motions: (1) a Motion For Summary Judgment (D.I. 45) filed by Plaintiff/Counterclaim Defendant, Barbara Young; (2) a Motion For Summary Judgment (D.I. 46) filed by Defendant/Counterclaim Plaintiff Catherine Shore; and (3) a Motion To Strike (D.I. 52) filed by Plaintiff Kathryn Vitale. For the reasons discussed, the Court will grant both of the Motions For Summary Judgment and will deny the Motion To Strike.

## I. BACKGROUND

Barbara Young ("Young") and her daughter, Kathryn Vitale ("Vitale") (collectively, "Plaintiffs"), filed this action against Catherine Shore ("Shore") for wrongful death arising out of the death of Donald Young, Young's husband and Vitale's father, in connection with a motor vehicle accident with Shore. Barbara Young was operating the vehicle at the time of the accident. Her husband, Donald, was a passenger in the vehicle. Shore and Young approached an intersection, and each believed they had the right of way as a result of the traffic signal controlling the intersection. The vehicles collided injuring Barbara Young, and her husband, Donald Young. Six months after the accident, Donald Young died.

Young opened her husband's estate in Morris County, New Jersey Surrogate's Court (the "Estate"). Both Barbara Young and

1

Vitale are beneficiaries under Donald Young's will. On December 10, 2005, the administrator of Donald Young's Estate filed a personal injury action in the Delaware Superior Court against Barbara Young and Shore, the operators of the two vehicles involved in the collision. Shore filed a cross-claim alleging that Barbara Young's negligence caused the collision. Barbara Young denied the allegation, and the case was tried before a jury.

Although the Estate of Donald Young settled with Barbara Young before the trial, the jury considered whether Young was negligent in the context of resolving Shore's cross-claim. The jury found that neither Barbara Young nor Shore were negligent. The Estate moved for a new trial, and the Delaware Superior Court denied the motion. On October 6, 2008, the Delaware Supreme Court affirmed the Superior Court's decision. Angelo Cuonzo, Esq; Administrator Pendente Lite for the Estate of Donald A. Young v. Catherine L. Shore, No. 83, 2008 (Del. Oct. 6, 2008).

Thereafter, Barbara Young and Kathryn Vitale filed this action against Shore alleging personal injury claims based on the alleged negligence and recklessness of Shore. Barbara Young and Vitale also asserted a claim for the wrongful death of Donald Young. Shore filed an Answer denying the factual allegations forming the basis of the claims alleged by Barbara Young and

2

Vitale in the Complaint and asserted a Counterclaim against Young for contribution and/or indemnification.

## II.  STANDARD OF REVIEW

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir.1995).  However, a court should not make credibility determinations or weigh the evidence.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id. at 151  (internal citations omitted).

3

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U .S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## III. DISCUSSION

### A.  Young's Motion For Summary Judgment

Shore does not oppose Young's Motion For Summary Judgment (D.I. 45) acknowledging that the negligence of both Young and Shore have been fully and fairly litigated in the Delaware Superior Court case, and therefore, the question of their comparative negligence should not be relitigated here. Accordingly, the Court will grant Young's Motion For Summary Judgment on Shore's Counterclaim.

4

B.    Shore's Motion For Summary Judgment

1.    The Parties' Contentions

By her Motion For Summary Judgment, Shore requests judgment in her favor on the grounds of collateral estoppel. Specifically, Shore contends that the question of her negligence was fully litigated in the Delaware Superior Court, and the Delaware Supreme Court has affirmed that judgment. In support of her position, Shore relies on Section 47 of the Restatement (Second) of Judgments, which provides that beneficiaries of the losing party in a first action are precluded from being a beneficiary in a second action, unless the judgment in the first action was based on a defense that is unavailable against that beneficiary in the second action. Shore contends that Vitale is a beneficiary under the Will of Donald Young, and therefore, she is precluded under the doctrine of collateral estoppel from maintaining this action against Shore.

In response, Vitale contends that she is not in privity with the Estate for purposes of applying collateral estoppel.[1]  Vitale also relies on Section 42 of the Restatement (Second) of Judgments, which she contend provides an exception to the general rule of representation where "[t]he subject matter of the action

_____

[1]    Barbara Young acknowledges that she is a beneficiary under the Will of Donald Young, and therefore, she does not dispute that she is precluded from maintaining this action. D.I. 49 at ¶ 2.

5

was not within the interests of the represented persons that the party is responsible for protecting. . . ." Because she is the child of Donald Young, Vitale contends that she is not in privity with his Estate.

In Reply, Shore forwarded to Young's counsel a complete copy of the probate file of the Estate of Donald A. Young, along with a request that Young review the file and acknowledge whether it contains the will that she probated. Barbara Young declined to acknowledge the will and counsel for her and Vitale responded to the Reply by filing a Motion To Strike requesting the Court to Strike Shore's Reply and challenging the will provided by Shore on the grounds that it is neither sworn to nor certified.

2.    Decision

The doctrine of collateral estoppel provides finality and conserves judicial resources by preventing a party from relitigating a factual issue previously litigated and decided. The doctrine applies where (1) the prior court had jurisdiction over the subject matter of the prior suit and the parties to it; (2) the parties to the prior action were the same parties in the second action, or in privity with them; (3) the cause of action in the prior action was the same in the second action, or the issues necessarily decided in the prior action were the same as those raised in the second action; and (4) the decree rendered in the prior action is final. Nationwide Mut. Ins. Co. v. Flagg,

6

789 A.2d 586, 593 (Del. Super. 2001) (citing <u>Columbia Casualty</u> <u>Co. v. Playtex FP, Inc.</u>, 584 A.2d 1214, 1216-18 (Del. Supr. 1991)).

In this case, it is undisputed that: (1) the Delaware Superior Court had jurisdiction over the subject matter of the prior action and the parties to that action; (2) the question of Shore's and Young's negligence was decided in that prior action and the same issue raised in this case was decided in that case; and (3) the decree rendered in the prior action is final by virtue of the Delaware Supreme Court's recent affirmance of the Superior Court's judgment. Accordingly, the only question remaining for the Court's consideration is whether Vitale is in privity with the Estate such that collateral estoppel applies to preclude this action against Shore by virtue of the prior action litigated in the Delaware Superior Court.

In pertinent part, Section 47 of the Restatement (Second) of Judgments provides:

> When a person has been injured by an act which later causes his death and following his death separate actions are prosecuted, one under a survival statue and one under a death statute:
>
> * * *
>
> (2) A judgment against the plaintiff in the first action precludes any person who was a beneficiary of that action from being a beneficiary in the second action, unless the judgment was based on a defense that is unavailable against hat beneficiary in the second action.

Comment c to Section 47 goes on to explain that the primary question is whether the beneficiaries of the two actions are the same. "If the beneficiaries are the same, it is immaterial that the nominal plaintiffs in the two actions are different." Referring to Section 41 of the Restatement (Second) of Judgments, Comment c goes on to explain that "a person who is represented in an action may not relitigate claims or issues therein through the medium of another representative."

Section 41 of the Restatement (Second) of Judgments states that "[a] person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party." See also Mohammed v. May Dept. Stores, Co., 273 F. Supp. 2d 531, 535 (D. Del.2003) Section 41 goes on to identify a person represented by a party as follows: "A person is represented by a party who is . . . (c) The executor, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary." Restatement (Second) of Judgments § 41 (2008). Thus, the success of Defendant's collateral estoppel defense hinges on whether Vitale is a beneficiary of Donald Young's Estate.

To support her Motion For Summary Judgment, Shore provided the Court with a copy of Donald Young's Will. (D.I. 46, Ex. B) Article Five of that Will names "my daughter, KATHRYN M. YOUNG-

8

VITALE" as a beneficiary. Vitale objects to the Will as neither
sworn to nor certified under Fed. R. Civ. P. 56(e)(2). By her
Motion To Strike, (D.I. 52) she also seeks to strike the Exhibit
containing the Will. However, Vitale has not put forward any
evidence of her own to contradict the Will offered by Shore, and
the Court concludes that Vitale's objection to the Will is
insufficient to create a triable issue of material fact.
Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 586-87 (requiring
nonmovant to come forward with specific facts showing a genuine
issue for trial). Moreover, Vitale admits that she is a
beneficiary of Donald Young's Estate, despite her procedural
challenge to the Will offered by Shore in this action. (D.I. 52,
¶4). Accordingly, the Court will deny Vitale's Motion To Strike.

In sum, the Court concludes that Plaintiffs have not created
a genuine issue of material fact concerning Vitale's status as a
beneficiary under the Will of Donald Young. Because Vitale is a
beneficiary of Donald Young's Estate, the Court concludes that
Vitale was in privity with the Estate for purposes of the prior
action in the Delaware Superior Court. The Estate represented
Vitale against Defendant Shore and litigated the question of
Shore's negligence to a final decree. Accordingly, the Court
concludes that Vitale's effort to relitigate the central factual
question in the present action is barred by the doctrine of

9

collateral estoppel, and therefore, the Court will grant Shore's
Motion For Summary Judgment.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion
For Summary Judgment filed by Young on Shore's Counterclaim,
grant the Motion For Summary Judgment filed by Shore, and deny
the Motion To Strike filed by Vitale.

An appropriate Order will be entered.